(34 Misc. Rep. 549.)

### HAHN v. ROGERS.

(Supreme Court, Appellate Term.    April 22, 1901.)

1. LEGAL SERVICES TO WIFE—LIABILITY OF HUSBAND—EVIDENCE.
    Where a wife consulted an attorney with regard to securing a separation from her husband, but no proceedings were instituted. and the attorney brought an action against the husband for his fees, in which he showed that the husband and wife were subsequently divorced, the husband was entitled to show that he was granted the divorce for the fault of the wife; as plaintiff's right to recover depended on whether the contemplated action by the wife was rendered proper by the husband's conduct.

2. SAME—EVIDENCE.
    In an action against a husband for fees by an attorney who had been consulted by the wife in contemplation of instituting divorce proceedings, it being shown by plaintiff's evidence that a divorce had been obtained subsequently, it was not error to refuse plaintiff's motion to strike out evidence as to the divorce proceedings, elicited by plaintiff in cross-examining defendant.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by George Hahn against Ernest Russell Rogers. From an order setting aside a verdict in defendant's favor, he appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Brown & Rogers, for appellant.

C. B. Plante (Maurice Rapp, of counsel), for respondent.

CLARKE, J. This is an action brought by an attorney to recover from a husband the reasonable value of services rendered to a wife in proceedings looking to an action for separation on the ground of abandonment, though no such suit was instituted. Upon the first trial of the action, before the same learned justice, plaintiff had a verdict, which was set aside by the justice. Upon the new trial thereafter had the defendant recovered a verdict, which was set aside, and a new trial ordered, upon the ground that improper evidence had been admitted. This evidence consisted of proof that, subsequent to the time covered by the complaint, the husband had recovered a judgment of divorce against the wife upon the statutory ground.

In considering whether that evidence was proper or improper, it is necessary to see how it got into the case. The wife, Mrs. Rogers, was called as a witness by plaintiff, and examined upon interrogatories, at Rochester, N. Y., and was asked this question: "Q. Were you formerly the wife of Ernest R. Rogers, the defendant herein? If you answer, 'Yes,' state when you were married to him, and when you ceased to be his wife. A. Yes; I was his wife. I was married to him July 11, 1889. I ceased to be his wife August, 1900." That question and answer established the fact that they were divorced.

The authority under which the action at bar is sought to be maintained (Naumer v. Gray, 28 App. Div., at page 534, and 51 N. Y. Supp., at page 225) lays down this rule: "To succeed in it, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper." Therefore the fact that there had been a divorce, if the jury should draw the inference from the above question and answer that it was at the instance of the wife, would have a direct tendency in their minds to sustain that proposition, and defendant had an undoubted right, in cross-examination, to show the real fact by asking the question here complained of, and eliciting the answer showing that the divorce was on the statutory ground, and granted to the husband, the defendant here. Instead of error to have admitted this cross-examination, it would have been fatal to have excluded it.

Some further testimony as to the facts surrounding that divorce suit was in the case, but they were brought out by plaintiff's attorney on his cross-examination of defendant, and it was not error for the justice to refuse subsequently to strike out the same on his motion. As the admission of this evidence was the sole ground for setting aside the verdict of the jury, we are constrained to reverse the order appealed from, and direct judgment to be entered upon the verdict, with costs. All concur.