**ROGERS et al. v. DANIEL et ux.**

No. 11231—Opinion Filed July 31, 1923.

1. **Divorce—Alimony Pendente Lite— Dismissal Before Allowance — Attorneys' Fees—Liability of Husband.**

In a divorce action instituted by the wife under contract with attorneys to pay them for their services out of the allowance made to her by the court for alimony and "the expenses of the suit," as authorized by section 560, Comp. Stat. 1921 (Rev. Laws 1910, sec. 4967, where the wife on her own motion before answer filed, and before allowance by the court under section 506, supra, dismisses her action and resumes marital relations with her husband, her attorneys cannot maintain an independent action against the husband for compensation for services rendered the wife either upon the contract or upon quantum meruit.

2. **Same.**

Alimony and "the expenses of the suit," under our statute, being based upon a sound judicial discretion, no right thereto becomes vested in advance of determination and allowance by the court so as to enable the wife to make such an assign-

ment thereof, or of an interest therein, as will support an action by her attorneys against the husband for debt for the value of their services to the wife.

3. **Same—Attorneys' Fees as "Necessaries."**

Under the language of section 6614, Comp. Stat. 1921 (Rev. Laws 1910, sec. 3358), attorneys' services to a wife in a divorce action cannot be classed as "necessaries" for which the husband will be held liable, because not "articles necessary for her support."

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Charles B. Rogers, Fred A. Fulghum, W. I. Williams, and R. L. Davidson against Gertrude P. Daniel and Richard T. Daniel to recover attorneys' fees earned in a divorce action. Demurrer by Richard T. Daniel to the petition of plaintiffs sustained, and case dismissed as to him. Plaintiffs bring error. Affirmed.

In June, 1915, the defendant Gertrude P. Daniel employed the plaintiffs as attorneys to file an action for her for divorce and alimony against the defendant Richard T. Daniel. That action was commenced, and after service was had in the case, application was made to the court for an order allowing temporary alimony and for a further allowance for expenses in prosecuting that action. Notice of this application was served upon the defendant, Richard T. Daniel, and before the date set for hearing of such application, plaintiff and defendant in that action became reconciled and the plaintiff, Gertrude P. Daniel, filed her motion therein to dismiss before any appearance had been made by the defendant, Richard T. Daniel, and before any pleading had been filed therein in his behalf. This motion to dismiss was filed without the knowledge or consent of her attorneys, who are plaintiffs in this action.

Thereafter, and on January 2, 1918, this action was commenced by the plaintiffs against the defendants to recover the reasonable value of their services as attorneys for Gertrude P. Daniel in the divorce action, and plaintiffs alleged that such services were reasonably worth the sum of $20,000. Defendant Richard T. Daniel appeared and filed his separate demurrer to the petition of plaintiffs, which demurrer was by the court sustained and the action dismissed as to the defendant Richard T. Daniel. Exceptions were saved to this ruling and order of the court and the case is brought here by petition in error and transcript to have the

action of said district court in sustaining said demurrer, and dismissing the action as to defendant Richard T. Daniel reviewed by this court.

Charles B. Rogers, F. A. Fulghum, W. I. Williams, and R. L. Davidson, for plaintiffs in error.

Biddison & Campbell, for defendants in error.

Opinion by LOGSDON, C. There is only one question presented by the record in this case, and that is whether the trial court erred as a matter of law in sustaining the demurrer to the petition of plaintiffs and dismissing the action as to the defendant Richard T. Daniel.

Both plaintiffs and defendants in their briefs agree that the question presented for determination here has never before arisen in this jurisdiction. It is, therefore, a question of first impression so far as this court is concerned, and the conclusion reached herein must be drawn from a construction of the applicable statutes of this state, aided so far as possible by the construction placed upon similar statutes in other jurisdictions, and a consideration of the legal principles involved.

This exact question has been before the courts of a majority of the states. In some jurisdictions it has been presented and considered under the principles of the common law in the absence of statutes. In others it has been considered and passed upon in the light of statutes changing the common law rule but not expressly or by necessary implication providing that attorneys' fees in such cases are "necessaries" which the husband is required to furnish to the wife. In still other jurisdictions the question has arisen under statutes similar to those in force in this state, and in such cases the decisions have been based solely upon the provisions of the applicable statutes without reference to the common law.

In those jurisdictions where the question has arisen under the common law or under statutes not expressly or by necessary implication allowing to the wife attorneys' fees in divorce actions, the conclusions reached have presented directly opposing views. The great majority of the decisions in such jurisdictions, however, have denied the right of attorneys to maintain an independent action against the husband under such circumstances. It is sufficient here to cite authorities holding to this view, among which are the following: Wing v. Hurlburt (Vt.) 40 Am. Dec. 695; Coffin v. Dunham (Mass.)

54 Am. Dec. 769; Johnson v. Williams (Iowa) 54 Am. Dec. 491; Sherwin v. Maben (Iowa) 43 N. W. 292; Morrison v. Holt (N. H.) 80 Am. Dec. 120; Williams v. Monroe (Ky.) 18 B. Mon. 518; Gordon et al. v. Brackey (Iowa) 121 N. W. 83; Clarke v. Burke (Wis.) 27 N. W. 22; Ray v. Adden (N. H.) 9 Am. Rep. 175; Wolcott v. Patterson (Mich.) 58 N. W. 1006; Isbell v. Weiss, 60 Mo. App. 54; Dow v. Eyster, 79 Ill. 254; Shelton v. Pendleton, 18 Conn. 417; Cook v. Newell, 40 Conn. 596; Pearson v. Darrington, 32 Ala. 227; McCullough v. Robinson, 2 Ind. 630; Keefer v. Keefer (Ga.) 78 S. E. 462.

Some of the cases holding the contrary view are: Sprayberry v. Merk, 30 Ga. 81; Glenn v. Hill, 50 Ga. 94; Gossett v. Patten, 23 Kan. 340; Ceccato v. Deutschman (Tex.) 47 S. W. 739; Preston v. Johnson (Iowa) 21 N. W. 606; McClelland v. McClelland (Tex.) 37 S. W. 350; Maddy v. Prevulsky (Iowa) 160 N. W. 762; McCurley v. Stockbridge (Md.) 50 Am. Rep. 229; Langbein v. Schneider, 16 N. Y. Supp. 943; Hahn v. Rogers, 69 N. Y. Supp. 926; Peck v. Marling, 22 W. Va. 708; Clyde v. Peavey (Iowa) 36 N. W. 883; Bard v. Stubbs (Tex.) 54 S. W. 633; Dodd v. Hein (Tex.) 62 S. W. 811.

The above citations are merely illustrative of the irreconcilable differences in judicial opinion upon this question, where such opinion is not guided and directed by express statutory language.

In those states where the question has arisen under legislative enactments intended to express clearly a legislative intent in derogation of the common law, a remarkable uniformity of judicial expression is found. In Maine, Illinois, Wisconsin, South Dakota, Washington, Iowa, Missouri, and Arkansas, where this exact question has arisen under statutes of those states, it has been held that an independent action against the husband cannot be maintained. Meaher v. Mitchell (Me.) 92 Atl. 492; Dow v. Eyster, 79 Ill. 254; Clarke v. Burke (Wis.) 27 N. W. 22; Sears v. Swenson (S. D.) 115 N. W. 519; Zent v. Sullivan (Wash.) 91 Pac. 1088; Humphries v. Cooper (Wash.) 104 Pac. 606; Yeiser v. Lowe (Iowa) 69 N. W. 847; Gordon v. Brackey (Iowa) 121 N. W. 83; Isbell v. Weiss, 60 Mo. App. 54; Hamilton v. Salsbury (Mo.) 114 S. W. 563; Kincheloe v. Merriman (Ark.) 16 S. W. 578. It is true that in Iowa the two cases above cited from that state have been expressly overruled by the later case of Maddy v. Prevulsky, 160 N. W. 762, but this latter decision was a four to three decision, and the logic and persuasive force of the dissenting opinion seem to fully sustain the correctness of the prior decisions.

In Kansas the case of Gosset v. Patten, 23 Kan. 340, sustains the right of attorneys for the wife to maintain an independent action against the husband, but the facts of that case were such as to make it exceptional, and it cannot be considered as establishing a rule in that state in conflict with the authorities last above cited. So it may be fairly said that in those jurisdictions where the question has arisen upon the express language of statutory enactments the courts have uniformly held that the recovery of attorney's fees is ancillary to the divorce action, and that an independent action therefor against the husband cannot be maintained.

This review of authorities from other states leads to a review and consideration of the applicable statutes of this state and of the decisions of this court which may materially assist in reaching a correct conclusion as to the proper construction of those statutes, for after all it is upon the very language of our own statute that the decision of this question in this state must rest.

Divorce and alimony and their concomitants, "suit money," "necessary expenses," "attorneys fees", "expenses of the suit", etc., are creatures of statute, and the extent of the rights conferred must depend upon a proper construction of the language used in conferring those rights. Section 3563, Comp. Stat. 1921 (Rev. Laws 1910, sec. 2948), provides:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

Section 6613 (Rev. Laws 1910, sec. 3357) provides:

"First. Neither husband nor wife, as such, is answerable for the acts of the other."

Section 6607 (Rev. Laws 1910, sec. 3351) provides, among other things:

"The husband must support himself and his wife out of his property or by his labor."

Section 6614 (Rev. Laws 1910, sec. 3358) provides:

"If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section (which refers to their living apart), any other person may, in good faith, supply her with articles necessary for her support and recover the reasonable value thereof from her husband."

The two sections last above quoted are but declarations of the common law duty and liability of the husband. Neither contains language enlarging that duty or extending that liability. That such was not the intention of the Legislature seems to be clear from the language of section 6613, supra, which is a part of the same chapter and was adopted at the same time. What, then, was embraced in the phrase "articles necessary for her support" at common law? It seems too clear for argument that attorneys' fees in divorce actions were not so embraced, because divorce was unkown to the common law. It was only after parliamentary sanction that the rule was changed in England. In this country the great weight of authority follows the rule of the common law and rejects the idea that attorneys' fees in divorce actions are "necessaries" for which the husband may be held liable.

In construing section 6614, supra, this court has held that the phrase "any other person" is broad enough to include the wife, and that in a proper case she may furnish herself "articles necessary for her support" out of her separate estate and maintain an action against her husband for reimbursement. Sodowsky v. Sodowsky, 51 Okla. 689, 152 Pac. 390. But, of course, this can be so only when the husband has neglected the duty imposed upon him by law, and when the expenditure is for "articles necessary for her support" as authorized by law.

What is comprehended within the phrase "articles necessary for her support" as used in our statute? In the absence of direct judicial expression in this state, it is well to bear in mind a legislative direction contained in section 3528 (Rev. Laws 1910, sec. 2914), which reads:

"Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears", etc.

Clearly, legal services are not "articles" as that word is ordinarily understood. Prior to statehood the Supreme Court defined "necessaries" as embracing "food, clothing, medicine, and habitation". That was an action for physician's services rendered to a hired man of the husband during the husband's absence, but at the request of the wife. It was held that the services were not "necessaries", and the wife's agency for that purpose not being shown a recovery was denied.

Section 4979 (Rev. Laws 1910, sec. 886) provides:

"A minor cannot disaffirm a contract otherwise valid, to pay the reasonable value

of things necessary for his support, or that of his family, entered into by him when not under the care of a parent or guardian able to provide for him or them."

Under this section this court has held that legal services are not "things necessary for his support", and recovery has been denied both on contract and quantum meruit. Grissom v. Beidleman, 35 Okla. 343, 129 Pac. 853; Marx v. Hefner, 46 Okla. 453, 149 Pac. 207; Watts v. Houston, 65 Okla. 151, 165 Pac. 128. By parity of reasoning and by analogy the same construction must be placed on section 6614. It is therefore concluded that attorneys' fees in divorce actions are not embraced within the provisions of section 6614.

This leaves for consideration the provisions of section 506, Comp. Stat. 1921 (Rev. Laws 1910, sec. 4967), which reads:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties or of either of them, and for the use, management and control thereof, or for the control of the children and support of the wife or husband during the pendency of the action, as may be right and proper; and may also make such order relative to the expenses of the suit as will insure the efficient preparation of the case; and on granting a divorce in favor of the wife or refusing one on the application of the husband, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

It is the contention of plaintiffs in their briefs that upon filing of the petition for divorce the contract for compensation made with the wife became merged with and was extinguished by the claim arising against the husband for the value of services rendered to the wife, and that upon the cause being dismissed before allowance of fees by the court they may recover the reasonable value of such services from the husband in an independent action by reason of the construction placed upon this statute by this court. At pages 51 and 52 of their brief they use this language:

"Under the Oklahoma statute it is clear that counsel did have, at the time of the dismissal, a clear and certain right to compensation for their services thus rendered in the cause, and that there was a clear and certain liability under that act to pay the same if the same had been ordered paid by the court. In contemplation of law the ser-

vices had been performed upon the expectation that the husband would pay the same under order of court. The orders of court for this payment were the logical and natural sequence of the progress of the cause. Now by what rule of reason can it be said that after their rendition and before the order to pay the same, the defendant induces the wife to dismiss her cause, and by that means escapes his liability for these services? If the right to the fees existed under the law, and we think there can be no doubt of this, then when did the right to recover these fees end and by what means? It must still be borne in mind that the right to the recovery of this compensation arose by virtue of the performance of the service, not by the contract."

The trouble with this reasoning is that it assumes too much. It first assumes "a clear and certain right to compensation", but this is based on a second assumption that it would be "ordered paid by the court", and these two assumptions are based upon a third assumption, that "in contemplation of law the services had been performed upon the expectation that the husband would pay the same under order of court." The language of the statute and the construction uniformly given it by this court do not justify either assumption. The language of the statute is permissive and not mandatory, and the unbroken line of decisions by this court hold that the action of the court thereunder is to be based on a sound judicial discretion. McKennon v. McKennon, 10 Okla. 400, 63 Pac. 704; Gundry v. Gundry, 11 Okla. 423, 68 Pac. 509; Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541; State ex rel. Blackaby v. Cullison, 31 Okla. 187, 120 Pac. 660; Fowler v. Fowler, 61 Okla. 280, 161 Pac. 227; Jones v. Jones, 63 Okla. 208, 160 Pac. 87.

In addition to this consideration, the theory of plaintiffs is wrong in principle because it necessarily connotes a vested interest of the wife's attorneys in any order which the court may make for the payment of alimony pendente lite. This cannot be admitted. The allowance is to the wife and not to her attorneys, who are not parties to the record. In contemplation of law the allowance is for her benefit and not for the benefit of her attorneys. Nor can it be held that an assignment of alimony, or any part of it, prior to allowance by the court, is valid so as to make it the basis of an action. Nelson on Divorce and Separation, vol. 2, sec. 881; 14 Cyc. p. 703, par. 7; Jordan v. Westerman (Mich.) 28 N. W. 826; Sharon v. Sharon, 75 Cal. 10; White v. White, 86 Cal. 212; Van Vleck v. Van Vleck, 21 N. Y. App. Div. 272; Klampe v. Klampe (Minn.) 163 N. W. 295; Lynde v. Lynde (N. J.) 52

Atl. 694. That the right of the attorneys is not "clear and certain" until after hearing and allowance by the court may be further demonstrated by the indubitable legal fact that the death of the husband before allowance by the court would terminate the right of the wife to an allowance.

It is therefore concluded that under section 506, supra, the plaintiffs had no such interest in the wife's right to alimony pendente lite, including "the expenses of the suit", in advance of its determination and allowance by the court as will enable them to maintain an independent action therefor against the husband.

Plaintiffs concede that the filing of the motion by the wife to dismiss the action ousted the court of jurisdiction to make any order in reference to "the expenses of the suit" ancillary to the divorce action, and this question is, therefore, not considered by this court.

It follows from what has been said herein that the action of the trial court in sustaining the separate demurrer of the defendant Richard T. Daniel to the petition of plaintiffs must be sustained.

By the Court: It is so ordered.