## STATSER v. STATSER et al.

No. 34674. Dec. 4, 1951.

Rehearing Denied Jan. 8, 1952.

*239 P. 2d 764.*

Sid White, Oklahoma City, for plaintiff in error.

Carmon C. Harris, Oklahoma City, for defendant in error Ann Barb.

GIBSON, J. Plaintiff Dicie S. A. Statser employed Ann Barb as attorney to represent her in a divorce action against Adrian E. Statser.

A petition was filed, containing allegations of extreme cruelty. It was further alleged that two children had been born of the marriage; that defendant was possessed of real and personal property of values in excess of $55,000, and plaintiff prayed for a divorce, custody of the children, an equitable division of the property, support and maintenance and other relief. Later the parties became reconciled. Between themselves they negotiated a property settlement which the attorney would not approve. Plaintiff advised the attorney that she wanted to forget about the divorce until after the Christmas holidays.

On December 22, 1949, Ann Barb filed her application alleging reasons why she was unable to proceed with the case, and that applicant believed that the parties had perfected a property settlement designed to deny applicant a reasonable attorney fee, and she moved for an order allowing applicant a fee of $500. On the same day one of the district judges of Oklahoma county considered the verified application and granted an ex parte order directing defendant to pay a fee of $500. Defendant filed a motion to vacate the order. Following a hearing the trial court denied the application to vacate the order, but modified the same declaring $250 to be a reasonable attorney fee and ordering payment of that amount. From that order, defendant appeals.

We agree with counsel for defendant that the controlling statute in this case is 12 O.S. 1941 §1276. However, we have held that this section of the statute is authority for allowance of fees for the wife's attorney and this power of the court to make such allowance has been universally recognized in this jurisdic-

ticn. Miller v. Miller, 186 Okla. 566, 99 P. 2d 515.

In support of his contentions defendant cites a single case: Friedman v. Friedman, 132 Okla. 45, 269 P. 257. The case is not applicable here. Therein a divorce case was tried and a judgment rendered. The trial court reserved his decision upon the question of fees for plaintiff's attorneys, and after expiration of the term in which judgment was rendered, and a year after the judgment, the court rendered an award for attorney's fees. This court held that the judgment granting the divorce was final and that the allowing of attorney's fees is but an incident to the main action; that counsel fees could be allowed only while the main action was pending and that the court was without jurisdiction at a subsequent term to render judgment for counsel fees.

In the case at bar no judgment had been rendered when the order complained of was entered. Although plaintiff testified that she told her attorney that she desired to "drop the case" until after the Christmas holidays, no dismissal was entered and in fact the main divorce action was still pending when the hearing was had on the motion to allow attorney's fees.

Defendant contends that plaintiff had abandoned her litigation, and the controversy was at an end, when the order fixing attorney's fees was entered, and that such order was not made to insure an efficient preparation of the case, and that it was not made on the granting of a divorce which are grounds set forth in the statute for expense allowance. It is said that when plaintiff refused to go further with the litigation the court did not retain jurisdiction to award attorney's fees.

No cases are cited to sustain this contention and we know of no such decision. Evidence is in this rceord revealing services rendered and labor performed by the attorney in preparation of the case for trial, including conferences with plaintiff and with defendant and negotiations for a property settlement to be reached before trial of the divorce action. The statute provides that the court "may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case". Such expense would include the payment of a reasonable attorney fee for such services after the attorney has been employed.

In Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116, this court considered a case in which an order was made allowing temporary attorney fees following the filing of a divorce petition. Thereafter plaintiff actually filed a dismissal of her action but obtained no order of the court approving the same. A property settlement was reached by the parties, and the husband paid no attention to the order for payment of attorney's fees. An application for citation for contempt was filed and following a hearing the order was modified and sustained. We held:

"Parties to a divorce action cannot, after a valid court order has been made allowing an attorney's fee, deprive the attorney of the fee by dismissing or attempting to dismiss the action."

We have heretofore pointed out that in the case before us no dismissal of the action has been filed. We cannot agree with defendant that the mere reconciliation of the parties would deprive the court of jurisdiction to hear and determine matters incident to the prosecution of the action. The court had jurisdiction of the parties and of the subject matter, until final disposition of the action.

This court has held that where a divorce suit has been voluntarily dismissed by the plaintiff, before any affirmative relief is sought against him, the trial court is without further jurisdiction therein and cannot make a subsequent order for allowance of attorney's fees. Sherry v. Rowe, District Judge, 181 Okla. 119, 73 P. 2d 134; French v. French, 188 Okla. 430, 110 P. 2d 286.

These decisions do not conflict with our holding in the present case, where no dismissal has been filed and the case was still pending on its merits when the order was entered fixing and allowing attorney's fees.

We hold that where a wife in good faith employs an attorney to represent her in a divorce action and the attorney in good faith performs services in preparation of the case for trial and in attempting to negotiate a property settlement between the parties, a reconciliation between the wife and her husband, while the action is still pending, will not deprive the court of authority or jurisdiction to hear and allow an application by the wife's attorney for a reasonable attorney fee to be paid by the husband.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.