Cynthia P. SWICK, deceased and M. Joe Crosthwait, Jr. (Real Party in Interest), Appellants,

v.

Edward Eugene SWICK, Appellee.

No. 74088.

Supreme Court of Oklahoma.

Nov. 23, 1993.

M. Joe Crosthwait, Jr., Midwest City, Thomas A. Wallace, Oklahoma City, for appellant Crosthwait.

Floyd W. Taylor, Taylor & Manchester, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice.

We decide whether an attorney representing a party in a divorce action may in his own right pursue attorney fees against the opposing party after a divorce decree is issued in which attorney fees are reserved for a later hearing, but prior to the hearing

the attorney's client dies. We hold both that the trial court has jurisdiction to hear the issue of attorney fees and the attorney has standing to pursue the matter under the facts of this case.

## FACTS AND PROCEDURAL HISTORY

Appellant, M. Joe Crosthwait, Jr., (attorney) represented Cynthia P. Swick (wife) in a divorce action against appellee, Edward Eugene Swick (husband). The wife's petition for divorce requested her attorney fees be paid by husband. The trial court's temporary order required husband to pay temporary attorney fees, but this order was later modified, reserving the award of attorney fees for hearing on the merits. The trial court issued a divorce decree on June 30, 1989 granting a divorce, which also included among other things, a division of property, assets, liabilities, as well as an award of alimony to wife, and an express statement reserving attorney fees for a later hearing. The wife died later that evening or the next day. Attorney thereafter filed a motion for attorney fees and costs to be assessed against husband pursuant to 12 O.S.1981, § 1276.[1] According to the response brief of husband to the motion for attorney fees filed in the trial court, a probate action involving the will of wife had been commenced and husband was the executor of the will.

The trial court ruled the administrator of wife's estate was the correct party to bring the motion for attorney fees and that while an attorney, in his own right, may move to collect fees already awarded him, he may operate only as a representative of his client to ask for a fee. The Court of Appeals affirmed concluding attorney lacked standing to press the matter in the trial court. We previously granted certiorari.

## LOWER COURT AUTHORITY ANALYZED

The trial court relied on *Potter v. Wilson*, 609 P.2d 1278 (Okla.1980), as the basis

for his ruling. The reliance is misplaced. *Potter* does not address the issue of an attorney's standing to pursue fees in a divorce action. *Potter* involved a husband bringing an action against his ex-wife to hold her in contempt for failing to comply with a court order which gave her title to a jointly owned enterprise, required her to assume the outstanding indebtedness of the business and hold the husband harmless on the debt. In differentiating such a debt from other monetary liabilities potentially involved in a divorce action we merely stated that attorney fees awarded by the court in a divorce action are accessory to and in the same category as the obligation to pay support alimony. *Id.* at 1281. Husband apparently attempts to argue here (and the trial court apparently agreed) that because counsel fees, like support alimony, are generally thought of as being status based liabilities and awarded in divorce litigation based on need, once the person claiming entitlement to the fees dies, there can no longer be recovery because, obviously, a dead person can no longer have a need for the fees. In our view, this is a much too simplistic way to look at the issues before us because it ignores the fact the attorney who has rendered services also has a personal stake in the outcome of any attorney fee award as we will explain below. We, thus, do not believe *Potter* answers the issues present in this case.

The Court of Appeals, rather than relying on *Potter*, relied partially on *Kelly v. Maupin*, 177 Okla. 44, 58 P.2d 116 (1936), to support their affirmance of the trial court. *Kelly* held an attorney has the right to enforce through contempt proceedings an order requiring a husband in a divorce action to pay his wife's temporary attorney fees even though the wife had dismissed her divorce petition. The Court of Appeals correctly recognized, however, *Kelly* limited its holding to the situation where an order awarding attorney fees had already been made prior to dismissal. They note *Kelly* cites *Rogers v. Daniel*, 92 Okla. 47, 217 P. 881 (1923), for the proposition a

---

**1.** Section 1276 was renumbered as 43 O.S.Supp. 1989, § 110 in 1989. Section 110 was amended in 1991 and 1992 and the current version of the provision can be found at 43 O.S.Supp.1992, § 110.

wife's attorney could not maintain an independent action against the husband to recover attorney fees where the divorce case was voluntarily dismissed by the wife prior to the order awarding the fees. The Court of Appeals, thus, used *Rogers* to hold here, **absent an order** directing a husband to pay his wife's attorney fees, an attorney lacks standing to prosecute any claim for fees independent of the wife's own application for such fees or independent of the wife's personal representative's application for such fees in a case where the wife has died post-divorce decree. We believe the Court of Appeals erred in such view. *Rogers* is not controlling here because in *Rogers* there was no longer any pending action when the fees were requested, while in the present matter the divorce case was still pending when the fees were requested, although it had progressed to a post-divorce decree stage. This distinction is critical to a correct determination of the instant situation.[2]

## THE TRIAL COURT STILL HAD JURISDICTION AFTER THE DEATH OF WIFE AND ATTORNEY HAD STANDING TO PURSUE ATTORNEY FEES

In Oklahoma the death of a spouse terminates a divorce action **if the death occurs before** the entry of the final divorce decree. *Pellow v. Pellow*, 714 P.2d 593, 597 (Okla.1985). However, if the trial court has entered a final divorce decree, the death of a spouse thereafter has no legal effect on the status determination of divorce. *Id.* at 597–598. *Pellow* also recognizes the general rule that the death of a party in a divorce action after the rendition of the decree granting a divorce does not prevent a judicial review of the decree where property rights are involved. *Id.* at 598. *Pellow* held that, although the wife could not challenge on appeal the granting

of the divorce because she had not raised error as to the issuance of the divorce in the trial court, issues preserved in the trial court concerning a property settlement agreement were subject to appellate review. In *Pellow* the personal representative of decedent's estate was substituted for the appellee deceased husband who died during pendency of the appeal. *Id.* at 594–595.

We also made clear in *Chastain v. Posey*, 665 P.2d 1179 (Okla.1983), that where a judgment of divorce is issued and neither party attacks in a motion for new trial or on appeal the granting of the status of divorce, that part of the decree is final as of the date of rendition. *Id.* at 1181–1182. In *Chastain* the husband died post-decree and during the pendency of motions for new trial. *Id.* at 1180. Husband's executor was substituted as the defendant in the divorce action and participated in the appeal which concerned issues dealing with the divorce decree's division of the parties' property. These cases clearly delineate that after a decree is entered the death of a spouse does not abate the proceeding and issues which might inure to the benefit of one spouse or the other or the estate of a deceased spouse, such as the propriety of the property division ordered by the trial court, still pend after the death and an appeal as to such issues may be maintained.

We have also held outside the confines of a death of one of the parties to a divorce action that a trial court has jurisdiction to direct one spouse to pay the other spouse's attorney fees after the divorce decree has been entered in the trial court and while an appeal from the judgment is pending in the appellate court, regardless of whether the issue of attorney fees was omitted from the terms of the journal entry and regardless of whether the issue was reserved for later hearing, provided only that the issue

---

**2.** We note the parties have supported their respective positions with cases from other jurisdictions. *See e.g. Williams v. Williams*, 59 N.J. 229, 281 A.2d 273 (1971) (generally supporting position of attorney); *Louthian & Merritt, P.A. v. Davis*, 272 S.C. 330, 251 S.E.2d 757 (1979) (generally supporting husband's position). In

that we believe a correct decision in this matter is already provided by Oklahoma law we find it unnecessary to look outside that law to other jurisdictions and the various ways they have handled the situation or ones potentially analogous to it.

was then a viable one and not theretofore resolved by the trial court. *Harmon v. Harmon,* 770 P.2d 1, 3 (Okla.1983).

In our view, the inevitable conclusion of *Pellow, Chastain* and *Harmon* is that had the instant motion been made by the personal representative of wife's estate the trial court would have had jurisdiction to consider it. Thus, the issue of attorney fees did not abate on the death of wife. Our only remaining task is to determine whether, instead of the personal representative of wife's estate moving for fees, the attorney in his own right had standing to move for the fees. We believe he did.

In *Statser v. Statser,* 205 Okla. 608, 239 P.2d 764 (1951), we held that where a divorce action remained pending, notwithstanding the fact the parties had reconciled and the wife no longer sought to prosecute the divorce action to completion, the trial court had jurisdiction to entertain the application of wife's attorney to award her fees to be paid by husband for the work the attorney had already done in the case. *Id.* 239 P.2d at 765–766. In *Statser* it was the attorney's application on her own behalf we were considering and we clearly recognized the wife was antagonistic to the attorney's position. *Id.* We said in *Statser:*

> [W]here a wife in good faith employs an attorney to represent her in a divorce action and the attorney in good faith performs services in preparation of the case for trial ... a reconciliation between the wife and her husband, while the action is still pending, will not deprive the court of authority or jurisdiction to hear and allow an application by the wife's attorney for a reasonable attorney fee to be paid by the husband.

*Id.* at 766. We also recognized in *Statser* until final disposition of the action the court had subject matter jurisdiction of the matter, which included authority to rule on the attorney's application for fees. *Id.*

We followed *Statser* with *Owens v. Owens,* 264 P.2d 341 (Okla.1953), where we said:

> [A]ttorneys for the wife in a divorce case have a personal interest in the allowance of attorney fees to the extent that the attorneys may in their own name enforce the payment of [attorney fees] to themselves and for their own private benefit, though the wife does not participate in such proceedings with the attorneys, and though the wife may be antagonistic to such enforcement by the attorneys.

*Id.* at 342. The above statement found in *Owens* was made in the context of our holding there that an order in a divorce proceeding directing the husband to pay attorney fees is not void whether it directs such payment to the wife, the clerk of court, for the use and benefit of the attorneys of record for the wife or to the attorneys of record themselves.

Further, § 1276, the statute that grants authority to award attorney fees in divorce cases, is broad and itself provides that a trial court has discretion to modify both interlocutory and final orders in divorce cases not only for the benefit of the parties, but for the benefit of the parties' respective attorneys. It provides in pertinent part as follows:

> After a petition has been filed in an action for divorce ... the court ... may ... make such order relative to the expenses of the suit as will insure an efficient preparation of the case; and, on granting a divorce in favor of the wife or the husband or both, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each; provided further, that the court may in its discretion make additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party **or their respective attorneys.** ....
> (emphasis added)

The language of § 1276 appears to be an explicit recognition by the Legislature that an award of expenses, i.e. attorneys fees, in favor of one spouse and against the

other not only benefits the spouse awarded fees, but that spouses' attorney. Like the Legislature, we see no reason to ignore the fundamental simple reality of the situation that attorney fees, when awarded, ultimately inure to the benefit of the attorney who receives them and it is quite clear that **as long as the divorce matter is still pending** (i.e. the trial court still has jurisdiction over the case) at the time the attorney seeks in his own right fees to which he may be entitled, the attorney has a personal interest in those fees sufficient to give him standing to pursue recovery of them in his own right.

Thus, although it is correct that the personal representative of wife's estate would be a proper party to move for the attorney fees in this situation, we believe it is incorrect to say the personal representative would be the only proper party.[3] Such a rule would ignore *Statser* and *Owens* which have recognized while the case pends the attorney may seek fees for work done even where his client is antagonistic to the granting of fees against the other spouse. It would also ignore the language of § 1276 which expressly recognizes orders concerning suit expenses inure to the benefit not only of the client, but to the client's attorney.

In the instant case wife sought attorney fees from husband in her initial petition. She alleged her poor health, that she lacked ability to support herself and that she was without sufficient means to pay her own attorney fees. The decree of divorce decided all issues in the case, but expressly reserved the issue as to attorney fees. In that the wife's death did not oust the trial court of jurisdiction over the divorce action and the attorney has a real, personal interest in the attorney fee issue for the services he rendered up to the time of the wife's death, we hold the trial court has jurisdiction to entertain the motion of attorney for

fees and attorney has standing to litigate the issue in his own right.[4]

The decision of the Court of Appeals is **VACATED** and the judgment of the trial court is **REVERSED AND REMANDED** to be decided consistent with this opinion.

HODGES, C.J., and OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.

---

**3.** We note in an action of this kind it would probably be appropriate to give notice to the estate of a deceased spouse.

**4.** We express no view as to whether the trial court should or should not actually award fees in favor of attorney and against husband. As we made clear in *Harmon v. Harmon,* 770 P.2d

1, 4–5 (Okla.1983), the payment of attorney fees in a divorce case is discretionary with the trial court and such a decision should take into account all the circumstances of the case, including the means and property of the respective parties.