2009 OK CIV APP 7

In re the MARRIAGE OF SANDEL.

Larry W. Sandel, Petitioner/Appellee,

v.

Julea Sandel (Now Marrs), Respondent,

and

Doerner, Saunders, Daniel & Anderson, L.L.P., Real Party in Interest/Appellant.

No. 103,440.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 2, 2008.

Certiorari Denied Jan. 20, 2009.

Ron W. Little, Sneed Lang, P.C., Tulsa, OK, for Appellee.

Sam P. Daniel, Jon E. Brightmire, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, Oklahoma, for Appellants.

JOHN F. FISCHER, Judge.

¶ 1 Appellant Doerner, Saunders, Daniel & Anderson, L.L.P. (the Law Firm) appeals from a judgment of the district court granting in part and denying in part an application for attorney fees accrued while representing Julea Sandel (Wife) in her divorce action. Based on the record on appeal and applicable law, we reverse and remand to the district court for further proceedings.

## BACKGROUND

¶ 2 Subsequent to entry of the Sandel divorce decree, Wife filed on April 8, 2005, Respondent's and Respondent's Counsel's Application for Attorney Fees & Expenses. The application recites that it is filed pursuant to 12 O.S.2001 § 696.4 ("A judgment, decree or appealable order may provide for costs, attorney fees, or both of these items, but it need not include them. . . ."). The application seeks an award of attorney fees against Wife's former husband. In her brief in support of this application, Wife cites as authority for the award of attorney fees 43 O.S. Supp.2003 § 110(D) ("Upon granting a decree of dissolution of marriage . . . the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances.").

¶ 3 On July 1, 2005, prior to resolution of the application for attorney fees, Wife filed her petition for voluntary bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 101 (2008). In her petition, Wife listed the Law Firm as an unsecured creditor with a claim of $106,000. However, she also indicated that there was a co-debtor on this claim and listed Husband as the co-debtor. The Law Firm, as a creditor of Wife's bankruptcy estate, sought relief from the automatic stay issued by the bankruptcy court on the filing of Wife's voluntary petition pursuant to an August 8, 2005, motion. On August 19, 2005, the bankruptcy court granted the Law Firm "relief from the automatic stay in order to prosecute its fee application" against Husband in the state court divorce proceeding. On October 4, 2005, the bankruptcy court entered its order discharging Wife of all her debts, including the debt for attorney fees and any other amount owed to the Law Firm.

¶ 4 In an order filed May 10, 2006, the district court denied the Law Firm's request for attorney fees pursuant to section 110(D), holding that Wife's bankruptcy resolved all of her interests and obligations arising from her marriage and, therefore, the Law Firm could not sue on behalf of a party who lacked standing.[1] The Law Firm appeals, identifying, as did the district court, the dispositive issue as one of first impression.

## STANDARD OF REVIEW

¶ 5 A district court's judgment regarding attorney fees or costs will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Abel v. Tisdale,*

---

1. Based on its inherent, equitable authority, the district court awarded $6,500 against Husband for fees incurred exclusively as a result of litigating an issue deemed by the district court to be vexatious conduct. Husband did not appeal that portion of the order and it is now final.

1980 OK 161, ¶ 20, 619 P.2d 608, 612. To reverse on the grounds of abuse of discretion, "it must be found that the trial judge made a clearly erroneous conclusion and judgment against reason and evidence." *Id.*

■■■ ¶ 6 We review the district court's conclusions of law de novo. *Nat'l Diversified Bus. Servs., Inc. v. Corporate Fin. Opportunities, Inc.*, 1997 OK 36, n. 18, 946 P.2d 662, 666 n. 18.

### DISCUSSION

■■■ ¶ 7 The Law Firm contends that the district court erred in holding that Wife's discharge in bankruptcy precluded the court from considering whether Husband was liable for attorney fees and costs. As described in its Petition in Error, the issue raised on appeal is whether:

> In an action for dissolution of marriage, may the trial court award attorney fees and expenses to the party entitled to seek an award and to that party's attorneys, even though the party has been discharged from bankruptcy and has been absolved of financial liability to her attorneys?

¶ 8 The district court correctly determined that the only parties who may seek attorney fees pursuant to 43 O.S. Supp.2003 § 110(D) are the parties to the divorce. *Fulsom v. Fulsom*, 2003 OK 96, ¶ 11, 81 P.3d 652, 657 ("When one reads [§ 110(D) and (E)], the plain language points to legislative contemplation of but two parties, the divorcing or the divorced spouses.").[2] That holding is consistent with the assignment of error stated in the Law Firm's petition in error: "may the trial court award attorney fees and expenses to the party entitled to seek an award and to that party's attorneys." However, that conclusion does not preclude Wife's attorneys from pursuing attorney fees on Wife's behalf, and the bankruptcy proceeding did not change that result.

¶ 9 First, we note that Wife's original April 8, 2005, application is the only written request for attorney fees submitted to the district court in this case. That pleading is styled "Respondent and Respondent's Counsel's Application for Attorney Fees and Expenses." Husband's "Proposed Findings of Fact and Conclusions of Law," filed February 8, 2006, stipulated that "[it] is this Fee Application that is pending before the Court." Nonetheless, at the December 9, 2005, hearing on this application, Wife's Counsel stated, "Your Honor, we are here not on behalf of [Wife]. We are here as former attorneys for [Wife], and we are bringing this application in our own right as the real party in interest under the case of *Swick v. Swick*." A document filed by the Law Firm on February 9, 2006, entitled "Doerner, Saunders, Daniel & Anderson, L.L.P.'s Correction To Prayer For Relief On Its Application For Attorney Fees, Costs and Expenses," stipulated that Wife paid a portion of the fees owed to the Law Firm and argued that, due to the bankruptcy, "her, and now [the Law Firm's] application should be reduced by the amount she had paid to [the Law Firm] prior to her bankruptcy." Consequently, it appears that the fee application considered by the district court was the same application filed on April 8, 2005.

¶ 10 The Law Firm relies on *Swick v. Swick*, 1993 OK 151, 864 P.2d 819, for the proposition that an attorney in a divorce action "has standing in his own right to seek to recover fees," by which it means not only standing to prosecute the fee application but also the right to keep any attorney fees awarded. We do not read *Swick* as supporting the latter of these propositions.

¶ 11 In *Swick*, a deceased wife's probate estate was involved rather than a bankruptcy estate. That distinction aside, the Law Firm asks us to rule that any attorney fees awarded by the district court "will go to [the Law Firm]." That issue was not decided in *Swick*, and we do not decide that issue here. As the Supreme Court observed, "[I]t is correct that the personal representative of wife's estate would be a proper party to move for the attorney fees in this situation." *Id.* at ¶ 13, 864 P.2d at 823. If that is true, it is because

---

2. As a result of a 1992 amendment to section 110, the paragraphs at issue in the *Fulsom* case are now paragraphs D and E of the statute rather than paragraphs C and D discussed in the *Ful-* *som* Opinion. However, the language of these paragraphs did not change as a result of the amendment and remains identical to the language at issue in this appeal.

the claim for attorney fees and any fees recovered are assets of the probate estate. 58 O.S.2001 § 251 (personal representative must take into possession "all the estate of the decedent, real and personal ... and collect all debts due the decedent").

¶ 12 It is undisputed that an attorney representing a deceased party in a divorce proceeding has a claim for attorney fees in the client's probate proceeding. 58 O.S.2001 § 333. *See also, White v. Mitchell*, 1951 OK 269, 241 P.2d 407. *Swick* stands for the proposition that the attorney, in addition to the personal representative, has standing to pursue the claim for attorney fees in the divorce proceeding. 1993 OK 151 at ¶ 12, 864 P.2d at 823 ("the attorney has a personal interest in those fees sufficient to give him standing to pursue recovery of them in his own right"). *Swick* does not address who is ultimately entitled to those fees, nor does it stand for the proposition argued by the Law Firm that any fees awarded "go to" the attorney. *Id.* at n. 3, 864 P.2d at 823 n. 3 ("We note in an action of this kind it would probably be appropriate to give notice to the estate of a deceased spouse."). Although an attorney has a claim in the probate proceeding for fees incurred, that claim does not automatically have priority over the claims of other creditors of the estate. *See* 58 O.S. 2001 § 591. The Law Firm confuses standing to pursue a client's claim for attorney fees, the issue decided in *Swick*, with entitlement to those fees. Concluding as we do, and as *Swick* requires, that the Law Firm has standing in this case does not resolve who is ultimately entitled on the merits of the case to receive any fees awarded by the district court. *Cities Serv. Co. v. Gulf Oil Corp.*, 1999 OK 16, ¶ 5, 976 P.2d 545, 547.

¶ 13 Further, we deal here with a different portion of the statute than that considered by the Court in *Swick*. That case was decided pursuant to 12 O.S. § 1276, later renumbered as 43 O.S. § 110. Although similar in language, the renumbering divided the pertinent portions of the former statute into two paragraphs, now codified as section 110(D) and (E). As the Law Firm recognizes in its Brief, the portion of the statute relied on by the *Swick* Court is section 110(E), which provides:

[T]he court may in its discretion make additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party **or their respective attorneys.**

*Swick*, 1993 OK 151 at ¶ 12, 864 P.2d at 822. It is from the emphasized language that the *Swick* Court concluded that the Legislature intended to acknowledge the "simple reality of the situation that attorney fees, when awarded, ultimately inure to the benefit of the attorney who receives them." *Id.* That "simple reality" satisfies the pecuniary interest test required for standing but does not, as the Law Firm argues, determine whether or not the attorney "benefitted" by the fee award is entitled to receive the fees awarded. By logical extension, the Law Firm's argument would preclude Law Firm creditors from attaching the fee award. Neither that issue, nor the proposition asserted by the Law Firm, was decided in *Swick*.

¶ 14 Even if *Swick* could be interpreted as the Law Firm suggests, that interpretation would be confined to section 110(E). By comparison, section 110(D), the portion of the statute with which we are concerned, does not contain the language from which the *Swick* Court found legislative intent to benefit attorneys. This is the portion of the statute invoked by the Law Firm as authority for the attorney fee award and the portion of the statute correctly applied by the district court. We are not aware of, nor does the Law Firm cite to, any authority for the proposition that an attorney for one party to a divorce has a claim for attorney fees independent of the contractual relationship between the attorney and that party or the court's authority to require the other party to the proceeding to pay those fees pursuant to 43 O.S.2001 § 110. Absent section 110, the American Rule would preclude the awarding of attorney fees against an opposing party in a divorce proceeding. "Oklahoma follows the American Rule as to the recovery of attorney fees. The Rule is generally that each litigant

pays for their own legal representation and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery." *State ex rel. Moshe Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 16, 61 P.3d 234, 242.[3]

■■■ ¶ 15 Consequently, our discussion of bankruptcy law is essential to the determination of this appeal. By filing for bankruptcy, Wife's claim for attorney fees pursuant to section 110 became an asset of the bankruptcy estate. 11 U.S.C. § 541(a)(1) & (3) (The "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . [and] any interest in property that the trustee recovers . . ."); *see also In re Four Star Const. Co.*, 151 B.R. 817 (debtor's claims against third parties in existence as of petition filing date are a legal interest of the bankruptcy estate). Wife was required to turn over all of her property, including contingent claims to property, at the time of filing of her petition. *See* 11 U.S.C. § 542 (2008). The bankruptcy proceeding merely substituted Wife's bankruptcy estate as the relevant party in interest. *See* 11 U.S.C. § 544 (2008).

¶ 16 If, as the Law Firm argues, the claim against Husband for attorney fees belonged to the Law Firm, the Law Firm would not have needed permission from the bankruptcy court to pursue that claim. Although any attempt to enforce the Law Firm's contractual rights against Wife for the fees owing pursuant to the Law Firm's engagement contract with Wife would have been stayed by Wife's bankruptcy filing, the Law Firm's application did not seek to recover against Wife. Rather, the Law Firm's application asked the district court to require Husband to pay Wife's reasonable expenses incurred in the divorce proceeding pursuant to 43 O.S. Supp.2003 § 110(D). And, Wife was the only party who filed for bankruptcy. Consequently, no bankruptcy proceeding filed by Husband prevented the prosecution of the application against him. Nonetheless, the Law Firm sought relief from the bankruptcy court in Wife's proceeding, as it was required to do, because the claim for attorney fees asserted in the application was an asset of Wife's bankruptcy estate.

■■■ ¶ 17 By granting the Law Firm's motion and lifting the automatic stay, the bankruptcy court allowed the Law Firm to pursue Wife's claim on behalf of the bankrupt's estate. That relief, however, did not constitute an abandonment of Wife's claim for attorney fees. *See* 11 U.S.C. § 554 (2008); *see also In re Brook Valley IV*, 347 B.R. 662 (B.A.P. 8th Cir.2006) (lifting of automatic stay to permit deed of trust foreclosure sale to proceed against Chapter 11 debtor's property did not affect fact that, until foreclosure sale occurred, deed was estate asset). Therefore, although the district court correctly concluded that Wife's bankruptcy discharged any obligations she might have to the Law Firm or Husband, the bankruptcy court's discharge order did not resolve the bankruptcy estate's claim for attorney fees against Husband. The Law Firm was specifically authorized by the bankruptcy court to pursue that claim on behalf of the estate. Any recovery will be property of the estate. 11 U.S.C. §§ 541(a)(3) & 543(b) (2008). Whether the Law Firm may recover those fees, if awarded, is a matter for the bankruptcy court. 11 U.S.C. § 329 (2008). It falls to the district court, however, to determine whether, and if so in what amount, Husband is obligated for Wife's attorney fees incurred in connection with the divorce proceeding. We remand the matter to the district court for consideration of Wife's application for attorney fees pursuant to 43 O.S. Supp.2003 § 110(D).

## CONCLUSION

¶ 18 Wife's voluntary bankruptcy petition converted her claim for attorney fees into an asset of her bankruptcy estate. The discharge of Wife's debt to the Law Firm, how-

---

3. The Law Firm does not invoke the exception to the American Rule based on the district court's inherent equitable authority to sanction litigation misconduct. *See City National Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4. Although that authority clearly supports the separate award against Husband, it would not support a claim for the fees sought in the Law Firm's application for services rendered in the ordinary representation of the Wife during the divorce proceedings.

ever, had no effect on the bankruptcy estate's claim against Husband for those fees. We remand this matter to the district court for determination of Wife's application for attorney fees filed pursuant to 43 O.S. Supp. 2003 § 110(D).

¶19 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, J., and BARNES, J. (sitting by designation), concur.