516 So.2d 217 (1987)
June Gardner LANDRY
v.
Charles R. LANDRY.
No. CA 6719.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*218 Charles R. Jones, Jones and Murray, New Orleans, for appellee.
Bennett Wolff, New Orleans, for appellant.
Before BYRNES and LOBRANO, JJ., and CADE, J. Pro Tem.
HERBERT A. CADE, Judge Pro Tem.
Judgment was rendered in May of 1983 ordering appellant, Charles R. Landry, to pay child support in the sum of $150.00 per month for the support of his minor daughter, Joy Landry. At the time Joy was residing with her mother, June Landry. Subsequently Joy left her mother's home, without her mother's consent, with the assistance of her father. She spent part of the summer with him and the remainder with his relatives. At the end of the summer she returned again to live with her father.
July 21, 1983, June Landry filed a petition for writ of habeas corpus directing the father to relinquish the physical custody of Joy Landry and a rule for contempt and past due child support. Both were continued indefinitely. September 6, 1984, she filed a second rule for past due child support, and a rule to increase child support. These were also continued indefinitely. In October of 1984 the child returned to live with her mother.
June Landry died on June 27, 1985. Joy Landry resumed living with her father, her natural tutor. November 6, 1985, Randy Hutchins, testamentary executor of the estate of June Landry, filed suit for contempt and past due child support and attorney's fees. Exceptions of no cause and no right of action were overruled. In reasons for judgment the trial court stated:
Pertinent to the decision in this matter are two cases: Halcomb v. Halcomb, 352 So.2d 1013 [(La.1977)] and McManus v. McManus, 428 So.2d 854 [(La.App.1st Cir.1983)]. Those cases establish that the person awarded child support is "the party who is entitled thereto." In addition, under Louisiana Civil Code Article 1766, it is the court's opinion that the third paragraph of that article, combined with the reading of the Halcomb [case] disposed of the issue. Article 1766, in pertinent part reads, "When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of the obligee." The Court finds that the payment of child support is for the benefit of not only the person to whom the payment is made, but also for the benefit of the child to whom a duty of support is owed. Therefore, it is apparent that the obligation to support the child is not a personal obligation. It is an inheritable [sic] obligation ... The Court finds that Mr.

*219 Hutchins can maintain this cause of action...
The trial court further found that there was no implied agreement to suspend the support payments during the fourteen month period that the minor child resided with her father. Judgment was entered awarding arrearages to Mrs. Landry's succession.
Appellant argues that the trial court erred in overruling his exception, in failing to find an implied agreement to modify child support payments, and in disallowing a credit for expenses incurred while Joy Landry was residing with him.
We think the trial court correctly overruled the exceptions. A custodial parent has the right to enforce an obligation for past due support. That right does not abate upon death. See C.C.P.Art. 426. The succession representative is the proper party, and the only party, to enforce that right. C.C.P.Art. 685. Mr. Hutchins has procedural capacity to bring this action.
Whether there exists an agreement between parents to suspend or modify support payments is a question of fact. The trial court is vested with great discretion in determining factual matters; in the absence of manifest error, its decision will not be overturned. Hendrix v. Hendrix, 457 So.2d 815 (La.App.1st Cir.1984). The trial court, in this instance, found there existed no such agreement. Our review of the record does not reveal otherwise. Compare Bagby v. Dillon, 434 So.2d 654 (La. App.3rd Cir.1983).
Nor is appellant entitled to a credit for the time Joy lived with him. The obligation to pay child support continues, absent contrary agreement between the parties, until judicially modified or terminated, even if the child no longer lives with the custodial parent. LaBove v. LaBove, 503 So.2d 670 (La.App.3rd Cir.1987).
The judgment of the trial court is correct and is affirmed.