William H. CAMPBELL, Appellant,

v.

Donna M. CAMPBELL, Appellee.

No. 76020.

Supreme Court of Oklahoma.

July 12, 1994.

William H. Campbell, Oklahoma City, for appellant.

Peggy Stockwell, Dave Stockwell, Stockwell Law Offices, Norman, for appellee.

LAVENDER, Vice Chief Justice.

 This matter presents the issue of the effect of 12 O.S.1991 § 2025(A)(1) upon a pending motion to reduce unpaid child support to a judgment in favor of the mother of the children where the mother dies before the judgment is rendered. We hold that upon the death of the mother the trial court lost its authority to proceed except in the manner prescribed by the statute. We further hold that pending the filing of the suggestion of the death of the litigant substantially in the form prescribed by the statute, the action remains pending.

 The court further holds that the mother's oral motion for a judgment for the arrearage made during the hearing on the father's motion to modify the child custody order, was a sufficient commencement of the action for such arrearage so that the action remained pending.

 We further hold that upon the death of his client the attorney for the mother no longer had the authority to appear on her behalf.

We further hold that upon such death the authority of the court became suspended pending the filing of the statutorily required suggestion of the death and that such suggestion of death is required to be filed by either a party to the litigation or by the representative of the decedent.

 We also find that the failure of the husband to file the statutory suggestion of the death of his ex-wife did not work a waiver of his right to raise the necessity for such a suggestion upon the power of the court to enter the judgment appealed here.

## FACTS AND PROCEDURAL HISTORY

William H. Campbell, Appellant, (Campbell) and Donna M. Campbell, (Appellee) were divorced in 1986. Appellee was made custodial parent of the couple's son. The court ordered Campbell to pay monthly child support. Due to Appellee's health problems Campbell sought modification of custody in 1989, requesting sole custody. During the pendency of the custody action several continuances were requested by both parties, some due to the poor health and hospitalization of Appellee. Appellee's counsel moved for another continuance on April 6, 1990 because Appellee was hospitalized in the intensive care unit at a local hospital. The court continued the hearing to June 22, 1990.

At the time of the continuance request, April 6, Appellee, through her counsel, made an oral motion before the court to reduce child support arrearage owed by Campbell to Appellee to judgment. Later that same day Appellee's counsel prepared and filed a written motion to the same effect. That motion stated that Campbell owed Appellee $3,000 in child support. Sometime on April 6 after the making of the oral motion and before the filing of the written motion, Appellee died.

The hearing was held on June 22, 1990. Appellee's motion to reduce child support arrearage to judgment was granted. The trial court deemed Campbell's motion to modify the custody order was mooted by the death of the appellee.

Campbell appealed the arrearage judgment claiming the court had acted without authority because there was no party to the action following Appellee's death and Appellee's counsel could not act in Appellee's stead. Campbell also argued the arrearage judgment was made without evidence or verification of an amount owed to Appellee. Campbell stated in his appeal brief that he made all these objections to the trial court. However, there is no transcript of the hearing in the record. The court minute simply states that Appellee's motion to reduce arrearage to judgment is sustained and Campbell's motion to modify custody is moot. On appeal Campbell further argued that the trial court was aware of Appellee's death at the time of the June 22, 1990 hearing and its knowledge formed the basis for the court deeming the modification action moot.[1]

---

1. Campbell relied on *Turley v. Turley*, 638 P.2d 469 (Okla.1981) for the proposition that legal

The Court of Appeals affirmed the trial court, holding that Campbell did not inform the trial court that Appellee had died prior to the court's action and Campbell made no objection to Appellee's motion regarding the arrearage. The Court of Appeals in its memorandum concluded that Appellee died at or around the time of the judgment and stated that Campbell may not remain silent on an issue and then attempt to raise it for the first time on appeal. Campbell's request for rehearing was denied. Certiorari has previously been granted and the matter is now before us.

## ARGUMENTS

Campbell argues that the April 6 written motion regarding arrearage was filed after Appellee's death by Appellee's counsel. Campbell asserts that because the motion was not filed until after Appellee's death the court was without authority to enter judgment herein. He also argues in the alternative that because the trial court was aware of Appellee's death at the time of the June 22 hearing its judgment for Appellee was void. He relies on *Hambright v. City of Cleveland* wherein we held that the court's authority is suspended at the death of a party.[2] Campbell argues that whether or not he raised objection to the court's proceeding after the death is of no consequence since a court or reviewing court can question at any time its jurisdiction over a matter. Therefore, Campbell argues, the Court of Appeals should have questioned the trial court's jurisdiction over the matter regardless of any objection Campbell did or did not make. Campbell also contends that Appellee's counsel presented no evidence to show proof of arrearage and has shown no authority that permits an attorney to proceed in an action absent a client.

Appellee's counsel contends in opposing Campbell's petition for certiorari that Campbell failed to raise the issue of the trial court's lack of jurisdiction at the trial level

custody of a minor transfers to the noncustodial parent upon the death of the custodial parent. This is Campbell's explanation as to why the trial court rendered his motion for custody modification moot.

and cannot raise it for the first time on appeal. Appellee also maintains Campbell did not file an objection to Appellee's arrearage motion and cannot do so for the first time on appeal.

## ANALYSIS

### A.

Campbell argues that the written motion regarding arrearage was made *after* Appellee's death and therefore a nullity in that an action cannot be brought by a dead person.

This action was not however, commenced by a dead person as Campbell alleges, but rather, by Campbell himself when he filed his motion to modify custody provisions on July 25, 1989. It is true that Appellee's written motion regarding arrearage was filed after Appellee's death. However, under 12 O.S. 1994, § 2007(B)(1.) "[a]n application to the court for an order shall be by motion which, *unless made during a hearing* or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought...." (Emphasis added). At the hearing on the motion to continue held the morning of April 6th, Appellee's counsel made an *oral* motion to reduce child support payments to judgment. Campbell does not dispute that there was an oral motion before the court regarding this issue *prior* to Appellee's death however, Campbell argues that "[i]t is a fundamental concept that an action is not commenced until it is filed."

■ As stated, this "action" was already commenced prior to the April 6th hearing, Appellee's counsel merely made an oral motion regarding an arrearage to the court as provided for during a hearing under 12 O.S. 1994, § 2007(B)(1.). Case law also holds that [o]ral motions are acceptable in this jurisdiction. A written motion may be orally or informally supplemented and broadened in

2. 360 P.2d 493 (Okla.1960).

scope at the time of its presentation.[3] Campbell's argument that this matter was not *commenced* prior to Appellee's death either by Campbell's own motion to modify custody or by the motion to continue and oral motion to reduce arrearage to judgment presented by Appellee prior to her death is without merit.

## B.

Campbell also maintains that this court was without jurisdiction to proceed in this case after Appellee's death. Appellee's counsel argues that since Campbell did not object to lack of jurisdiction, service or evidence, at the trial court level, Campbell cannot object to it on appeal. Appellee's counsel further maintains that Campbell, by failing to deny the Request for Admission according to 12 O.S. § 3236 A, has admitted owing Appellee the $3000.00 arrearage and that therefore, pursuant to 43 O.S. § 137[4] there was already a valid judgment in existence. Hence, all Appellee requested on April 6, 1990 when the oral motion was made, was to reduce this existing judgment to writing. Therefore, Appellee argues, in that the judgment was in existence prior to Appellee's death at approximately noon on April 6, 1990, the Court had jurisdiction to merely order the judgment reduced to writing.

As we have already determined, the cause of action was commenced prior to Appellee's death. The question becomes, what was the result of her death as to this cause of action?

With certain exceptions not applicable here, the law in Oklahoma is that upon the death of a party to litigation a pending action in any court does not abate.[5] However, pursuant to 12 O.S.1991, § 2025(A)(1)

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Section [2005 of this title] and upon persons not parties in the manner provided in Section [2004 of this title] for the service of a summons. During the pendency of an action any party may file with the court a statement of the death of another party conforming substantially to Form 22 of Section [2027 of this title] along with proof of death and serve the statement of death and proof of death on all other parties in the manner provided in Section [2005 of this title]. Unless the motion for substitution is made within ninety (90) days of service of the statement of death, the action shall be dismissed without prejudice as to the deceased party.[6]

Oklahoma case law is sparse regarding the application and interpretation of § 2025(A)(1). In that § 2025(A)(1) is taken from Rule 25(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.App. Rule 25(a)(1) (1988), we may look to the federal courts for

---

**3.** *John Deere Plow Co. v. Owens*, 194 Okla. 96, 100, 147 P.2d 149, 154 (1943).

**4.** The relevant portion of 43 O.S. 199 § 137 states:

> A. Any payment or installment of child support ordered pursuant to any order, judgment or decree of the district court or administrative order of the Department of Human Services *is on and after the date it becomes past due a judgment by operation of law.* (Emphasis added).

**5.** 12 O.S.1991, § 1052 states:

> No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander or malicious prosecution, which shall abate by the death of the defendant.

....

The current version of 12 O.S. § 1052 remains the same as that during the time of the 1990 hearing. As to this particular cause of action, *see Abrego v. Abrego*, 812 P.2d 806, 808 (Okla.1991), "Insofar as accrued payments remain unpaid at death, an action for child support does not abate on the death of a parent." In *Abrego*, it was the noncustodial parent that died owing the unpaid payments. In our case, it is the custodial parent who died, however, the principal holding of *Abrego*, that the debt survives, is unaffected by this fact. In any event, this issue is not raised by Campbell.

**6.** The current version of this statute remains the same as that during the 1990 hearing. Section 2025 was added by Law 1984, c. 164, § 27, eff. Nov. 1, 1984 replacing 12 O.S.1981, § 1080 which was repealed in 1984.

guidance in interpretation and application of the rule.[7]

Federal Civil Procedure Rule 25(a)(1) (Rule 25), authorizes a representative of the deceased party to move for substitution for the action to continue when the claim is not extinguished by the death.[8] In *Landry v. Landry*,[9] the mother filed a petition for writ of habeas corpus directing the father to relinquish the physical custody of the child and a rule for contempt and past due child support. Both were continued indefinitely. The mother filed a second rule for past due child support and a rule to increase child support. These were also continued indefinitely. The mother died and a testamentary executor of the estate filed suit for contempt and past due child support and attorney's fees. The court in *Landry* stated, "[a] custodial parent has the right to enforce an obligation for past due support. That right does not abate upon death. *The succession representative is the proper party, and the only party, to enforce that right*." [10]

In *Wells v. Wells*[11] the trial court decided the case on the merits regarding a modification of a divorce decree, even though the wife died while the husband's petition was pending. In reversing and remanding the Alabama Appeals Court explained

> [t]he issue before this court, although not raised by either party ... is whether the trial court had jurisdiction to act where a party before the court dies and proper substitution of parties under Rule 25(a) ... was not made. We determine that the trial court did not have authority to proceed ... and reverse and remand. The question of jurisdiction is always fundamental, and if there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act.

> . . . .

> [T]here was subject matter jurisdiction in the instant case. However, there was *no party-defendant* before the court.

> . . . .

> The authority of defense counsel to act for the decedent was terminated by the decedent's death.

Likewise in *Matthews v. Matthews*[12] where the wife died during post divorce proceedings, the Alabama Court of Appeals held, "because a proper party was not substituted for the wife ... we conclude that the trial court lacked jurisdiction to enter a judgment for the wife."

Based on federal application of Rule 25 and the interpretation and application given it by persuasive state law, we conclude that the trial court's authority in the instant case was suspended by Appellee's death and any subsequent action taken by the court could only follow the substitution of Appellee by her representative pursuant to the procedure outlined in 12 O.S.1991, § 2025(A)(1).

## C.

Given the facts of this case, we also consider whether a substitution was made such as would satisfy § 2025 so that the court's actions thereafter were not void. The record before us shows that no one other than Appellee's counsel continued to press Appellee's claim after her death. The question becomes whether Appellee's attorney was or could be her representative pursuant to § 2025 or Rule 25 so that § 2025 was at least substantially complied with and the court's judgment was properly made. We conclude however, that Appellee's counsel lost authority to represent Appellee upon the client's death and

---

**7.** *See* 12 O.S.A.1993, Ch. 39 Oklahoma Pleading Code (Application of the Oklahoma Pleading Code in Oklahoma state courts will be facilitated by reference to the appellate decisions from federal and state courts construing the Federal Rules.... Where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code, the construction placed on it by federal and state courts should be presumed to have been adopted as well.); *Laubach v. Morgan*, 588 P.2d 1071, 1073 (Okla.1978).

**8.** *Boggs v. Dravo Corp.*, 532 F.2d 897, 901 (3d Cir.1976).

**9.** 516 So.2d 217 (La.Ct.App.1987).

**10.** *Id.* at 219 (emphasis added).

**11.** 376 So.2d 750, 751 (Ala.Civ.App.1979) (emphasis in original).

**12.** 599 So.2d 1218, 1222 (Ala.Civ.App.1992).

therefore, no substitution could have occurred.

■ Under Oklahoma law we have held that the authority of a deceased party's attorney ceases upon the death of that party.[13] "[T]he attorney cannot represent a dead person; and, upon such death, the real party in interest is the personal representative or heirs."[14] Federal courts hold likewise. "It is well settled that for a suggestion of death to be valid and invoke the 90 day limit, [for substitution of party] it must identify the successor or representative who may be substituted for the decedent."[15] Although an attorney is retained to represent his client, the attorney is not a party, is not a person who could be made a party, and is not the representative of the deceased party as contemplated by Rule 25.[16] The power of an attorney terminates upon the death of his principal and that attorney does not act for the deceased's representatives or successors until those successors are officially appointed as representatives and after they then retain the deceased's attorney.[17] Under Rule 25 the decedent's attorney has no authority either to move for substitution or even to suggest the death of his client upon the record.[18] "Such action could clearly prejudice the rights of a successor party to whom that attorney bears no legal relationship."[19]

■ Clearly, the use of the term "representative" in § 2025 refers to the legal representatives of the deceased party made so by or after the death of that party. The party's attorney is not the legal representative for purpose of § 2025. We therefore conclude in the instant case that Appellee's counsel's authority to represent Appellee ceased at Appellee's death and Appellee's counsel had no authority to represent a deceased client at the hearing before the trial court on June 22 or to file the motion regarding arrearage following her death.

By so concluding we distinguish *Swick v. Swick*[20] and that line of cases wherein we held the attorney had standing after the client's death to bring a claim in the *attorney's name* for attorney fees. In *Swick*, for example, the trial court had, while the client was still alive, expressly reserved the issue of fees for a later hearing and we held that the client's death did not "oust the trial court of jurisdiction over the divorce action."[21] In the instant case Appellee's counsel is not acting in her own right in that she is seeking an attorney's lien on an amount of unpaid child support that has not yet been reduced to judgment. The result being with Appellee's death there is no party to carry the claim forward until a representative is substituted.

## D.

While we have already determined no substitution as would satisfy § 2025 was accomplished, we must also address the issue as to whether Campbell had the burden to suggest the death of Appellee and by failing to do so, waived his right to argue on appeal, lack of *jurisdiction* in the trial court. Appellee's counsel contends that Campbell had the burden of suggesting Appellee's death to the court under our ruling in *Hambright*. In *Hambright*, which was decided under our old revival statutes, we stated that to require the defendant to make the suggestion of death would be placing the burden "on the defendant to diligently protect the rights of the plaintiff."[22] However, we also held that "the situation [notice of death of a party] is analogous to an affirmative defense such as the statute of limitations—it must be pleaded

---

13. *Hambright*, 360 P.2d at 495.

14. *Id.*

15. *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y.1993) (citations omitted).

16. *Rende v. Kay*, 415 F.2d 983, 985 (D.C.Cir. 1969).

17. *In re Klein*, 36 B.R. 390, 392 (Bankr.E.D.N.Y. 1984).

18. *Id.* at 393.

19. *Id.*

20. 864 P.2d 819 (Okla.1993).

21. *Id.* at 823.

22. *Id.* at 496.

and brought to the attention of the court, such death not ordinarily being a matter of record in the case." [23]

As to this second ruling of *Hambright,* we herein distinguish our holding for we have found no cases wherein the court held the defendant waived the right to later argue the court's authority was not suspended (and therefore the court's actions were valid) upon the death of a party for failing to make a suggestion of death upon the record under § 2025.[24] Neither did we find any federal cases to that effect. Although, there are numerous federal cases dismissed for failing to comply with the 90 days limit for substitution once the suggestion of death was made on the record in accordance with the statutory requirements, we did not find any cases where the court found that the defendant had waived the right to argue the court's authority was not suspended because the defendant had not filed a suggestion of death.

■ Furthermore, a plain reading of the statute affirms that it was not Campbell's burden to make the suggestion of death although, he could have done so. Section 2025 states

> [d]uring the pendency of the action *any* party *may* file with the court a statement of the death of another party ... along with the proof of death and serve the statement of death and proof of death on all other parties in the manner provided.... (Emphasis added).

In applying Rule 25, federal courts have held that service of statement of death may be made either by representatives of the deceased party or by any other party to the action, but may not be made by the deceased party acting through counsel.[25] It is not however, a remaining party's *burden* to suggest the death of the party. We further note

> [a] motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. *If a party or the representative of the deceased party desires to limit the time* within which another may make the motion, he may do so by suggesting the death upon the record ... thus triggering the 90–day period which begins with suggestion of death.[26]

In other words, a remaining party *may* suggest the death following the procedure of § 2025 or a deceased party's representatives *may* suggest the death. It seems logical that whoever is more interested in the furtherance of the action would be the one to suggest the death and trigger the remaining procedure of § 2025, but under the statute, it is not mandatory on either party to make the initial suggestion of death.[27]

---

**23.** *Id.*

**24.** However, if in fact it is not *jurisdiction* over the subject matter or the person that the court loses at the death of one of the parties, but the court's *authority to proceed,* in other words, if *jurisdiction* and *authority,* are not one and the same, then there is an argument to be made that in fact *Hambright* correctly decided that the right to raise this defense is an affirmative defense that can be waived by failing to do so. At least, this would be true under the old revival statutes that *Hambright* was interpreting. In any event, we do not see that this issue has been presented or argued for determination. Campbell argues that *jurisdiction* can be raised at any time, however, it is, more precisely subject matter jurisdiction that can be raised at any stage of the litigation and Campbell does not argue that he is raising lack of subject matter jurisdiction. And while Appellee's counsel cites us *Hambright* for the proposition that Campbell has waived his right to argue lack of jurisdiction on appeal, counsel presents no legal basis for so arguing *jurisdiction* has been waived under § 2025 nor what type of *jurisdiction* has been waived.

**25.** *Al–Jundi v. Rockefeller,* 88 F.R.D. 244, 246 (W.D.N.Y.1980). *See also Smith v. Planas,* 151 F.R.D. 547, 549 (S.D.N.Y.1993) (decedent's attorney has no authority to suggest the death of his client upon the record).

**26.** *Rende v. Kay,* 415 F.2d 983, 985 (D.C.Cir. 1969) (emphasis in original). *Cf. National Equip. Rental v. Whitecraft Unlimited,* 75 F.R.D. 507, 509 (E.D.N.Y.1977) (The burden of suggesting the party's death is that of the deceased party's representative if he desires to delimit the period during which substitution may be made.).

**27.** While our research did reveal at least one federal case wherein the court stated the proper procedure to be followed was for the defendant to suggest the death of the plaintiff, whereupon the plaintiff would then file its motion to substitute, (*see Roberts v. Rowe,* 89 F.R.D. 398, 400 (S.D.W.Va.1981)) the court gave no legal basis for its statement and we find other federal cases (*see Tolliver v. Leach,* 126 F.R.D. 529, 531 (W.D.Mich.1989)) that would suggest it is a discretionary procedure as so stated in the federal rule.

**E.**

Finally, we address Appellee's counsel's contention, relied on by the Court of Appeals to affirm the trial court[28] that Campbell cannot raise the issue of Appellee's motion regarding arrearage for the first time on appeal since he did not file such objection with the trial court. We conclude that counsel's contention is, if anything, premature. The instant action was suspended with Appellee's death. There is no authority under which any further proceedings could have taken place until a substitution was made following the suggestion of Appellee's death as outlined in § 2025. The action halts at the party's death and can only be reactivated by the proper application of § 2025. Since proper application was not made, the action remains halted (suspended) with Appellee's death.[29]

**CONCLUSION**

In closing we emphasize that we are not addressing the question nor do we make a finding as to who would be the proper party in the instant case to substitute for Appellee or to pursue the motion for child support arrearage.[30] We simply conclude that the action in the instant case cannot proceed without proper substitution pursuant to § 2025.

We hold that this action was properly commenced prior to Appellee's death, that the proceedings were suspended on her death and could only have been reactivated

by proper application of 12 O.S.1991, § 2025, Appellee's counsel had no authority to proceed after Appellee's death, and it was not Campbell's *burden* to suggest Appellee's death to the trial court in order to suspend the proceedings. For the reasons stated herein the judgment of the Court of Appeals is VACATED and the judgment of the trial court as to the arrearage is REVERSED and REMANDED in accordance with the views expressed herein.

HODGES, C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

OPALA, ALMA WILSON and KAUGER, JJ., concur in result.

**28.** The Court of Appeals relies on *Jones v. Alpine Investments, Inc.*, 764 P.2d 513 (Okla.1987), for the rule that parties on appeal are limited to the issues presented at the trial level in holding Campbell could not raise the issue on appeal of Appellee's motion for arrearage because he had not raised the objection before the trial court. Under the circumstances of this case however, the death of Appellee occurred after the motion was orally made by Appellee's counsel and before the hearing was held over two months later. The proceedings became dormant following Appellee's death. Whether Campbell filed an objection to the motion is immaterial in that no action should have been taken subsequent to the death until the proceedings were reactivated by proper application of Section 2025.

**29.** We do not address application of the 90 day period under Section 2025 by which substitution

may be made. Since there was no suggestion of death under § 2025 there is no need for us to consider the 90 day component, other than to say based on the record before us the 90 day period has not been triggered.

**30.** *See Rende v. Kay*, 415 F.2d 983, 986 (D.C.Cir. 1969) ("No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased. If the heirs or counsel fear that delay may prejudice the litigation they may move promptly for appointment of a representative, either under the law of the domicile or by special order in the court wherein the litigation is pending.")