**Darren David Allen CORNOG, Appellant,**

v.

**Wesley Adams MASHBURN, Appellee.**

No. 82735.

Supreme Court of Oklahoma.

July 18, 1995.

---

Frank Greer, Miami, for appellant.

Thomas A. LeBlanc, Tulsa, for appellee.

HODGES, Justice.

The dispositive issue in this matter is whether a "Suggestion of Death Upon the Record" was filed by the proper party so as to begin the ninety-day period in which to substitute a party. The cause must be remanded to the trial court for that determination.

Mashburn was the defendant in a negligence action that arose out of a car wreck. The action was filed on July 8, 1992. Defendant died on September 2, 1992. On February 1, 1993, Defendant's counsel filed a suggestion of death upon the record on behalf of "Dorris M. Doty, as executrix of the estate of Wesley Adams Mashburn."

In September of 1993, Defendant's counsel withdrew from the case. New counsel filed an entry of appearance "as counsel of record for the Defendant, Wesley Adams Mashburn." Defendant's new counsel, apparently hired by the decedant's insurance company, moved to dismiss the action because Plaintiff had failed to substitute a party for Defendant in the ninety-day period provided by statute. Defending against the motion to dismiss, Plaintiff argued that the ninety-day time limit never really began to run because 1) there had been no probate of Defendant's estate, 2) no one had been appointed to administer the estate, and 3) Defendant's counsel had no authority to represent Defendant after Defendant's death.

The trial court granted Defendant's motion to dismiss. The trial judge stated that "[i]t really doesn't matter whether there has been a probate filed or not."

The Court of Appeals affirmed reasoning that although "the deceased's attorney may not be authorized to file a Suggestion of Death [that] does not also necessarily mean that the suggestion of death would be invalid or a nullity." That court also noted that it was the executrix who filed the suggestion of death and that "we have no doubt that she was the proper party to do so." This Court granted certiorari because the Court of Appeals' opinion is inconsistent with *Campbell v. Campbell,* 878 P.2d 1037 (Okla.1994), which was promulgated while this action was pending at the Court of Appeals.

Section 2025(A)(1) of title 12 provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party.... During the pendency of an action any party may file with the court a statement of the death of another party conforming substantially to Form 22 [of section 2027] along with proof of death.... Unless the motion for substitution is made within ninety (90) days of service of the statement of death, the action shall be dismissed without prejudice as to the deceased party.

Thus, on these facts, the question becomes whether Dorris Doty was a representative of the decedent at the time the suggestion of death was filed.

This Court recently determined when one becomes a representative for purposes of section 2025. *Campbell* held that "[t]he power of an attorney terminates upon the death of his principal and that attorney does not act for the deceased's representative or successors until those successors are *officially appointed* as representatives and after they retain the deceased's attorney." *Id.* at 1043 (emphasis added).

When Defendant died, his lawyer had no authority to file a suggestion of death on behalf of the Defendant. Only a lawyer retained by a representative of the estate could file the suggestion of death. Dorris Doty could not be a representative of Defendant's estate until she had been officially appointed to such a position. Thus, Plaintiff's assertion that there had been no probate and no appointment of a representative was very relevant, contrary to the trial court's reasoning.

The trial court erred in ignoring Plaintiff's assertion that no representative had been appointed. If the assertion is true, the ninety days in which to substitute a party never began to run. On remand, the trial court must determine whether Dorris Doty was an officially appointed representative of Defendant's estate at the time the suggestion of death was filed. If she was not, the suggestion of death was not valid and the case may not be dismissed for Plaintiff's failure to substitute a party.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS.

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, HARGRAVE and WATT, JJ., concur.

SIMMS, J., concurs specially and files opinion joined by ALMA WILSON, C.J., and KAUGER, V.C.J.

SUMMERS, J., concurs in result.

SIMMS, Justice, concurring specially:

The record in this case reflects the trial judge ordered the case be dismissed with prejudice for failure to file for timely substitution of proper parties because of death of plaintiff.

Title 12 O.S.1991 § 2201 provides: "A. Judicial notice *shall* be taken by the court of the common law, constitutions and *public statutes* in force in every state, territory, and jurisdictions of the United States." {Emphasis Supplied} In other words, judges in this state are charged with judicial knowledge of Oklahoma's statutes.

The last sentence of 12 O.S.1991, § 2025(A)(1) which is set forth more fully in today's majority opinion provides: "Unless the motion for substitution is made within ninety (90) days of service of the statement of death, the action shall be dismissed *without* prejudice as to the deceased party." {Emphasis Supplied}

In my view, when the trial judge dismissed "with prejudice", his act was extrajudicial and without authority of law. Although this question of dismissal with prejudice vis-a-vis dismissal without prejudice may not have been raised below, it appears on the face of the petition in error. The "dismissal with prejudice" was not authorized by statute and constituted fundamental error.

I am authorized to state that Chief Justice WILSON and Vice Chief Justice KAUGER join me in the views expressed herein.