2000 OK 14

**Linda CHRISTENSEN,**
**Plaintiff–Appellee,**

v.

**Virginia BUSH, Defendant–Appellant.**

No. 91,504.

Supreme Court of Oklahoma.

Feb. 29, 2000.

Gary L. Cantrell, Oklahoma City Oklahoma, for Plaintiff–Appellee, Linda Christensen.

Rex D. Brooks, Oklahoma City, Oklahoma, for Defendant–Appellant, Virginia Bush.

WATT, J.

### FACTS AND PROCEDURAL BACKGROUND

¶ 1 On March 7, 1995, Plaintiff, Linda Christensen sued Blaine Bush and Virginia Bush for damages for wrongful foreclosure, intentional infliction of emotional distress, trespass to real property, breach of contract, and conversion of personal property. Mrs. Christensen's claim arose out of the action of the Bushes in repossessing and removing personal property from a house in Oklahoma County. Mrs. Christensen had bought the house from the Bushes in 1993 on a contract for deed.

¶ 2 Mr. Bush died on December 22, 1997, shortly before trial. The Bushes' lawyer filed a suggestion of Mr. Bush's death as attorney for Mr. Bush, rather than as attorney for Mrs. Bush, which he could have done. Mrs. Christensen chose not to seek to revive her cause of action against Mr. Bush and, in February 1998, proceeded to trial against Mrs. Bush alone. The trial court directed a verdict for Mrs. Christensen on her wrongful foreclosure cause of action and sustained Mrs. Bush's demurrer against Mrs. Christensen on her intentional infliction of emotional distress cause of action. The trial court denied Mrs. Bush's motions for directed verdict on Mrs. Christensen's causes of action for trespass to real property, breach of contract, and conversion of personal property and submitted those issues to the jury.

¶ 3 On February 10, 1998, the jury returned a verdict for Mrs. Christensen totaling $50,000.00, awarding her $36,000.00 for breach of contract, $3,600.00 for conversion of property and $10,400.00 for "Fair Compensation." The trial court granted Mrs. Bush's motion for summary judgment for foreclosure and declared Mrs. Christensen's interest in the property foreclosed. In the journal entry of judgment, the trial court granted Mrs. Bush a $2,500.00 attorneys' fee for her foreclosure against Mrs. Christensen, awarded her $220.98 in property taxes, and entered a net judgment in favor of Mrs. Christensen in the amount of $47,279.02.

¶ 4 Mrs. Bush appealed. Neither party raised the issue of the effect of Mr. Bush's death, either in the trial court or on appeal. Nevertheless, the Court of Civil Appeals, Division 4, in a not-for-publication opinion, dismissed sua sponte Mrs. Bush's appeal on the ground that the record was silent as to whether the case against Mr. Bush had been revived or dismissed. The Court of Civil Appeals based its dismissal on the fact that the suggestion of death filed by the Bushes' lawyer had been filed by him as attorney for Mr. Bush rather than as attorney for Mrs. Bush. The Court of Civil Appeals reasoned that because the record did not reflect that the lawyer was the attorney for Mr. Bush's personal representative he lacked authority to file a suggestion of death. Mrs. Bush sought certiorari; we granted certiorari on October 18, 1999.

### ISSUE

¶ 5 Did the Court of Civil Appeals have jurisdiction to consider Mrs. Bush's appeal on its merits, despite the silence of the record concerning whether Mrs. Christensen's cause of action was revived or dismissed?

We answer yes to the issue before us.

### DISCUSSION

■ ¶ 6 The Court of Civil Appeals held the failure of the record to reflect that Mrs. Christensen's cause of action against Mr. Bush had been either dismissed or revived under 12 O.S.1991 § 2025.A.1[1] meant that

---

**1.** Title 12 O.S.1995 § 2025.A.1 provides:
    If a party dies and the claim is not thereby

extinguished, the court may order substitution

the judgment appealed from was not a final order under 12 O.S.Supp.1995 §§ 953 [2] and 994.A.[3] The Court of Civil Appeals relied on *Cornog v. Mashburn,* 1995 OK 80, 901 P.2d 824; and *Campbell v. Campbell,* 1994 OK 84, 878 P.2d 1037 to support its conclusion. Our analysis of *Cornog* and *Campbell,* as applied to the facts of this appeal, however, leads us to conclude that the judgment appealed from is a final judgment and is, therefore, ripe for review.

¶ 7 In *Cornog* and *Campbell* we held that the lawyer for a deceased party lacked authority to file a valid suggestion of the deceased party's death so that the ninety day limitation period within which one must revive a cause of action under 12 O.S. § 2025 or be barred from doing so never started to run. That rule, however, does not apply under the circumstances presented here.

¶ 8 The facts of this appeal differ markedly from those present in either *Cornog* or *Campbell.* Here, the jury was instructed, without objection, that Mrs. Bush was the only defendant and neither party made an issue of the trial court's failure to either revive Mrs. Christensen's cause of action against Mr. Bush's estate or dismiss him from the action. Thus, both the trial court and the parties clearly assumed that Mr.

Bush was no longer a party to this action when they proceeded to trial. By contrast, in both *Cornog* and *Campbell,* whether the cause of action could be revived against the estate of the deceased party was hotly contested. In *Cornog* the decedent was the sole defendant and in *Campbell* the decedent, a divorced spouse and custodial parent of a minor child, had been seeking to reduce child support arrearage to judgment. In both cases if the action had not been revived, the party seeking relief against the decedent's estate would have been without a remedy.

¶ 9 Unlike the situation present in *Cornog* and *Campbell,* Mrs. Christensen had a potential remedy against the remaining co-defendant, Mrs. Bush, and elected to pursue that remedy without reviving her cause of action against Mr. Bush's estate. Indeed, Mrs. Christensen obtained a verdict and judgment against Mrs. Bush and to this day has asserted no right to revive the cause of action she once had against Mr. Bush. Under the circumstances, Mrs. Christensen waived any right she had to revive her cause of action against Mr. Bush's estate. The want of a revivor order had no adverse effect on the parties' standing as opposing litigants in the case.

of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Section 5 of this act and upon persons not parties in the manner provided in Section 4 of this act for the service of a summons. During the pendency of an action any party may file with the court a statement of the death of another party conforming substantially to Form 22 of Section 29 of this act along with proof of death and serve the statement of death and proof of death on all other parties in the manner provided in Section 5 of this act. Unless the motion for substitution is made within ninety (90) days of service of the statement of death, the action shall be dismissed without prejudice as to the deceased party.

2. Title 12 O.S.Supp.1995 §§ 953 provides:

An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary appli-

cation in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article.

3. Title 12 O.S.Supp.1995 § 994.A provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

¶ 10 The failure of the Bushes' lawyer to file the suggestion of Mr. Bush's death on behalf of Mrs. Bush rather than on behalf or Mr. Bush does not change the result. It is clear that the parties treated the suggestion of death given by the Bushes lawyer under 12 O.S. § 2025 as effective. Under the circumstances present here we hold that Mrs. Bush's lawyer substantially complied with § 2025, despite having filed the suggestion of Mr. Bush's death on behalf or Mr. Bush rather than Mrs. Bush. Thus, Mrs. Christensen's right to revive her action against Mr. Bush's estate has expired under the terms of § 2025 and Mrs. Bush's appeal is ripe for review.

¶ 11 Because of its decision to dismiss, the Court of Civil Appeals declined to review the issues presented to it on this appeal. We have not reviewed the issues raised in Mrs. Bush's appeal and, therefore, remand to the Court of Civil Appeals with instructions to consider those issues. In her answer brief, Mrs. Christensen contends that the trial court's post-verdict award of an attorneys' fee of $2,500.00 to Mrs. Bush as a setoff for the cost of foreclosure was excessive. Mrs. Christensen did not file a counter-petition in error and her answer brief does not make clear whether she is seeking relief from this claimed error of the trial court. Thus, if Mrs. Christensen is seeking relief on the attorneys' fee issue she is entitled to none for want of bringing a counter-appeal. With respect to the issues raised by Mrs. Bush in her appeal, we express no opinion and leave them for the Court of Civil Appeals.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS OPINION VACATED, AND CAUSE REMANDED TO THE COURT OF CIVIL APPEALS WITH INSTRUCTIONS.

¶ 12 SUMMERS, C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 13 HARGRAVE, V.C.J., concurs in result.