OSCN Found Document:JOSEPH ZALAR, JR. v. JZEE PROPERTIES, LLC, et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 JOSEPH ZALAR, JR. v. JZEE PROPERTIES, LLC, et al.2025 OK CIV APP 31Case Number: 122008Decided: 08/01/2025Mandate Issued: 08/28/2025THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 31, __ P.3d __

 

JOSEPH ZALAR, JR., Plaintiff/Appellee,
vs.
JZEE PROPERTIES, LLC; STEPHEN FITE; and JOHN RUTHERFORD, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
STEPHENS COUNTY, OKLAHOMA

HONORABLE LAWRENCE W. WHEELER, TRIAL JUDGE

VACATED AND REMANDED WITH INSTRUCTIONS

Audrey J. Myers, Muskogee, Oklahoma, For Plaintiff/Appellee

J.W. Doolin, Lawton, Oklahoma, For Defendant/Appellant, John Rutherford

JOHN F. FISCHER, JUDGE:

¶1 John Rutherford appeals the district court's order denying his petition to vacate a judgment cancelling a deed to real property. Because unresolved fact issues require an evidentiary hearing, we vacate that order and remand this case for further proceedings consistent with this Opinion.

BACKGROUND

¶2 This action began on February 23, 2015, when Joseph Zalar, Jr., filed a petition seeking cancellation of a warranty deed to certain real property located in Stephens County, Oklahoma, case number CJ-2015-00029G. Zalar named three defendants, JZEE Properties, LLC, John Rutherford and J. Steve Fite. Zalar alleged that Fite was the Manager and Service Agent for the LLC. According to the record, JZEE Properties was formed on January 21, 2015. Zalar alleged the deed conveyed properties to JZEE Properties "without any consideration" and as the result of "undue influence." Attached to the Petition is a copy of a Warranty Deed signed on February 1, 2015, by Zalar as grantor and listing JZEE Properties, LLC as the grantee. The deed was filed on February 5, 2015, and contains the handwritten notation, "Steve Fite," followed by a street address.

¶3 According to the district court docket sheet, all three defendants were served on March 16, 2015. Fite entered his appearance, individually, and filed an answer. The return of service for Rutherford reflects that he was served by leaving a copy of the summons at his residence with "Gail Rutherford," "a resident/family member, fifteen years of age or older." JZEE Properties and Rutherford did not appear.

¶4 On June 14, 2021, a Judgment was entered vacating the deed to JZEE Properties. The Judgment recites that JZEE Properties and Rutherford were "properly served with summons in the manner proscribed [sic] by law as shown by the returns of service previously filed herein, which service is approved in all respects." The district court found that JZEE Properties and Rutherford were in default, having failed to answer or otherwise appear within the time permitted, and that Fite disclaimed any interest to the property listed in the attachment to the deed to JZEE Properties. The June 14, 2021 Judgment also recites that the plaintiff, Joseph Zalar, died on January 12, 2019, and that a probate of his Estate had been filed in Comanche County: "Accordingly, all rights, claims, choses in action of the Plaintiff are now vested in his estate so created, and the Estate of Joseph Zalar, Jr., is substituted as party Plaintiff."

¶5 On May 23, 2023, Rutherford filed his Petition to Set Aside Default Judgment. Rutherford alleged, among other things, that he had not been served with process or the Judgment, that the return of service was "untrue" and "fraudulently filed," and that he had a defense to the action -- the same defense with which he successfully defended a suit filed by Zalar in the Comanche County District Court, Joseph Zalar, Jr. v. The Lawtonian, L.L.C., John Rutherford, and J. Steve Fite, Case Number CJ-2015-110.

¶6 Rutherford attached his affidavit to the petition. In his affidavit, Rutherford affirmed that "all matters and allegations" in his petition to vacate were true. He also stated that he first learned that he was a defendant in this case when his attorney received a copy of an amended designation of record filed in an appeal in the Comanche County litigation, Joseph Zalar, Jr. v. The Lawtonian, L.L.C., John Rutherford, and J. Steve Fite, Case No. 121,090. The appellate court docket in that case reflects that an amended designation of record, filed on March 9, 2023, lists the Petition and June 14, 2021 Judgment in this case as documents to be included in the record in that appeal. Rutherford also stated in his affidavit that Zalar died on January 12, 2019, that a probate action had been filed in Comanche County, Case Number PB-2019-35, but that he "was never notified of [those] probate proceedings."

¶7 The personal representatives of the Estate of Joseph Zalar filed a response and "cross-petition" challenging Rutherford's claim that he was not aware of this case until March 2023. They attached transcript pages from the December 2021 Comanche County non-jury trial purporting to show that the Stephens County Judgment was a topic of testimony during the Comanche County trial and that a copy of the Stephens County Judgment was introduced during the trial as Plaintiff's Exhibit 13. In his answer to the "cross-petition," Rutherford denied that a copy of the Stephens County Judgment was exchanged during the Comanche County trial, and he attached transcript pages from that proceeding reflecting that his objection to introduction of that exhibit was sustained. Rutherford also attached the Journal Entry from the Comanche County litigation, which showed that the trial where Exhibit 13 was offered and discussed occurred on December 2, 2021.

¶8 The parties filed competing motions for summary judgment, asserting that the relevant facts were undisputed and therefore Rutherford's petition to vacate could be resolved as a matter of law. They supported their motions with affidavits and other documents. Rutherford asserted that he was not served with process, a statement of Joseph Zalar's death, a motion to substitute the proper plaintiff, or the Judgment in this case. He asserted that the recitation in the Judgment that Zalar's Estate was substituted as the proper plaintiff did not satisfy the requirements of 12 O.S.2021 § 2025

¶9 The district court, in the Final Order that is the subject of Rutherford's appeal, granted the Estate's motion for summary judgment and denied Rutherford's motion. This ruling, in effect, denied Rutherford's petition to vacate.

STANDARD OF REVIEW

¶10 The standard of review for a district court's order granting or refusing to grant a petition to vacate a judgment is abuse of discretion. Wells Fargo Bank, N.A. v. Heath, 2012 OK 54280 P.3d 328Breyer v. The Mule, LLC, 2021 OK 45496 P.3d 983Stites v. Duit Constr. Co., Inc., 1995 OK 69903 P.2d 293

ANALYSIS

¶11 The parties attempted to resolve Rutherford's petition to vacate through cross-motions for summary judgment. However, "summary adjudication process cannot be utilized to decide" a petition to vacate. Patel v. OMH Med. Ctr., Inc., 1999 OK 33987 P.2d 1185cert. denied, 528 U.S. 1188, 120 S. Ct. 1242 (2000). Rutherford's petition, filed pursuant to 12 O.S.2021 § 1031In re Estate of Hughes, 2004 OK 2090 P.3d 1000Patel, 1999 OK 33Patel holds that the parties' cross-motions for summary judgment in this case must be treated as "cross motions to enter matter for hearing." Patel, 1999 OK 33

¶12 The party seeking to vacate a judgment "bears the burden of bringing the case within the parameters of § 1031 relief." F.D.I.C. v. Jernigan, 1995 OK 54901 P.2d 793See 12 O.S.2021 § 1031

¶13 For example, although Rutherford argued that he was relying on section 1031(5), he has not raised any fact issue warranting an evidentiary hearing on that ground. Nothing in the record reflects that during these proceedings Rutherford was "an infant, or person of unsound mind." 12 O.S.2021 § 103112 O.S.2021 § 696.2See Owens v. Owens, 2023 OK 12529 P.3d 905

¶14 Finally, Rutherford argued that he was invoking the district court's "entirely unrestricted" power to vacate the Judgment, citing Schepp v. Hess, 1989 OK 28770 P.2d 34Schepp concerned a motion to vacate filed within thirty days pursuant to 12 O.S.2021 § 1031.1Schepp to Rutherford's petition is obvious and undeniable. Therefore, the allegations in Rutherford's petition must come within "the parameters of § 1031 relief." F.D.I.C. v. Jernigan, 1995 OK 54901 P.2d 793

¶15 Consequently, of the section 1031 grounds, only four are potentially applicable.

I. Irregularity in Obtaining the Judgment

¶16 Rutherford's section 1031(3) argument, that there was "irregularity" in obtaining the Judgment because no testimony was presented to support the Judgment, is unavailable in this post-judgment vacation proceeding, even assuming that the unsubstantiated claim is true. "[I]n an appeal from an order denying 12 O.S. § 103112 O.S. §§ 1031Berkson v. State ex rel. Askins, 2023 OK 70532 P.3d 36Accord Kordis v. Kordis, 2001 OK 9937 P.3d 866

¶17 To challenge the evidence offered in support of the Judgment, Rutherford would have had to perfect a timely appeal of that Judgment. Salyer v. Nat'l Trailer Convoy, Inc., 1986 OK 70727 P.2d 1361Mayhue v. Mayhue, 1985 OK 68706 P.2d 890Cunningham v. Cunningham, 1977 OK 203571 P.2d 839

II. Death of a Party

¶18 It is undisputed that Joseph Zalar died on January 12, 2019, before the June 14, 2021 Judgment was rendered. However, it is also undisputed that Zalar's Estate was substituted as the plaintiff in this action prior to entry of that Judgment. As the Judgment reflects: "all rights, claims, choses in action of the Plaintiff are now vested in his estate so created, and the Estate of Joseph Zalar, Jr., is substituted as party Plaintiff." Rutherford complains that he was not provided notice of the probate proceeding or served a copy of a motion to substitute Zalar's Estate as the plaintiff. This argument lacks merit for three reasons.

¶19 First, Rutherford attached a copy of the Journal Entry of Judgment in the Comanche County litigation to his supplemental district court briefing in this case. That judgment reflects that the Estate of Zalar, through his co-personal representatives, was substituted as the plaintiff for Joseph Zalar prior to the trial on December 2, 2021. And the appellate court's Opinion on appeal from the Comanche County case also notes that the district court ordered the substitution on August 24, 2021. See Joseph Zalar, Jr. v. The Lawtonian, L.L.C., John Rutherford, and J. Steve Fite, No. 121,090, slip op. at 2, n.1 (Okla. Ct. App., Div. III, Jul. 8, 2024), cert. denied (Okla. Sup. Ct., Feb. 10, 2025). Rutherford does not argue that he was unaware of, or not served with, the motion to substitute Zalar's Estate as the plaintiff in the Comanche County case.

¶20 Second, as a party in default, Rutherford was not entitled to service of any notice to substitute Zalar's Estate as the plaintiff in this case. 12 O.S.2021 § 2005See also Campbell v. Campbell, 1994 OK 84878 P.2d 1037

¶21 Third, Rutherford cited Campbell as support for his argument that the attorney who obtained the June 14, 2021 Judgment did not have authority to act after Joseph Zalar's death. Campbell does hold that the authority of a deceased party's attorney ceases on the death of that party. Id. ¶ 25, 878 P.2d at 1043. Campbell does not hold that the attorney who represented the deceased party cannot be subsequently retained by the estate of that party and continue in the same action. In fact, Campbell explicitly recognizes that the attorney's representation can continue where, as in this case, the representatives of the Estate "are officially appointed as representatives and after they then retain the deceased's attorney." Id. (footnote omitted). According to materials Rutherford submitted with his summary judgment motion, the law firm that obtained the Judgment is the same law firm that represented Zalar's Estate in the probate proceeding, and representation began more than two years before the Judgment in this case was obtained.

¶22 Patel holds that "where the dispositive issues in a vacation quest call upon the trial court to resolve one or more fact controversies, an opportunity to adduce proof must be provided." Patel v. OMH Med. Ctr., Inc., 1999 OK 33987 P.2d 1185In re Estate of Hughes, 2004 OK 2090 P.3d 1000Patel, 1999 OK 33F.D.I.C. v. Jernigan, 1995 OK 54901 P.2d 793

III. Fraud in Obtaining the Judgment

¶23 Rutherford's fraud argument lacks specificity. His petition alleges that the return of service was "untrue" and "fraudulently filed." The factual basis for this allegation is lacking but for Rutherford's affidavit verifying that the allegation is true "to the best of his knowledge and belief." Nonetheless, Patel holds that where there are disputed issues of fact, an evidentiary hearing is required when the district court is deciding whether to vacate or refuse to vacate a judgment based on section 1031(4). Patel, 1999 OK 33987 P.2d 1185

IV. Lack of Notice

¶24 The final evidentiary issue raised in Rutherford's petition is the allegation that he was not served with process in this case. Rutherford states in his affidavit that he was never served with a summons. However, even if Rutherford was not personally delivered a copy of the summons and petition, that does not mean that "Service by Personal Delivery" was not accomplished according to 12 O.S.2021 § 2004Willis v. Sequoyah House, Inc., 2008 OK 87194 P.3d 1285

¶25 Nonetheless, every fact asserted in the Proof of Service could be true and service by personal delivery could still be defective. For example, if the address reflected in the Proof of Service was not Rutherford's "dwelling house or usual place of abode," if Gail Rutherford did not reside at that address, or if Gail Rutherford was not fifteen years of age or older, then the service on Rutherford would not satisfy the requirements of section 2004(C)(1)(c)(1). Patel requires remand for an evidentiary hearing on these limited factual questions.

V. Prudential Analysis

¶26 If, on remand, Rutherford is not able to produce evidence of a fraudulent return of service or that he was not served as required by section 2004(C)(1)(c)(1), he will have failed to justify vacation of the June 14, 2021 Judgment. However, even if he is able to do so, he will not automatically be entitled to the relief he seeks in this vacation proceeding. "A vacation quest must be evaluated in light of the principle of the finality of judgments." Patel v. OMH Med. Ctr., Inc., 1999 OK 33987 P.2d 1185Patel before deciding whether to vacate the Judgment. Id. ¶ 38, 987 P.2d at 1200.

¶27 For example, Rutherford will have to show that he "acted without delay" after he discovered the allegedly fraudulent service. Id. His petition to vacate was filed on May 23, 2023, alleging that he did not discover that he was a defendant in this action until March of 2023. The Estate argues that a copy of the June 14, 2021 Judgment was discussed and read into the record during the trial of the Comanche County case on December 2, 2021. Rutherford appears to concede the Estate's position but counters that, although the Judgment was offered as an exhibit during the December 2, 2021 trial, it was not admitted because his objection to its admission was sustained. If Rutherford was aware that he was a defendant in this case no later than December 2, 2021, it is doubtful that he acted without delay in filing his petition to vacate one year and a half later. But that is for the district court to decide on remand.

¶28 Further, Rutherford will have to show "that granting a new trial will not be a useless exercise." Patel, 1999 OK 33Patel analysis is particularly relevant here because Rutherford alleged that his defense to this litigation was the same one with which he had "successfully defended" the Comanche County litigation, "the only difference being the real property location." However, the success of that defense is in doubt. The judgment in favor of Rutherford in the Comanche County case, refusing to cancel a deed to the Lawtonian property in Lawton, Oklahoma, was reversed. See Joseph Zalar, Jr. v. The Lawtonian, L.L.C., John Rutherford, and J. Steve Fite, 121,090 (Okla. Ct. App., Div. III, Jul. 8, 2024), cert. denied (Okla. Sup. Ct., Feb. 10, 2025).

¶29 The deed Zalar's Estate sought to cancel in the Comanche County litigation conveyed an interest in the Lawtonian to Rutherford. Another division of this Court held that Rutherford and Zalar had a confidential relationship that may have resulted in undue influence being exercised by Rutherford, causing Zalar to unwittingly and unwillingly sign the deed. The case was remanded for further proceedings to determine that issue. Zalar, slip op. at 14-16. The deed at issue in the Comanche County litigation was executed during the same period that Zalar signed the deed at issue in this litigation.

¶30 Finally, Rutherford's interest, if any, in this litigation is not apparent from the record. The materials submitted indicate Fite testified in the Comanche County litigation that Joseph Zalar, prior to his death, "was 100 percent owner of JZEE Properties." The deed canceled in this litigation was between Zalar and JZEE Properties. Rutherford may claim some interest in the Stephens County properties once owned by Zalar, but it does not appear that Rutherford has any interest in cancellation of a deed of properties to an entity owned by someone else.

CONCLUSION

¶31 Patel v. OMH Medical Center, Inc., 1999 OK 33987 P.2d 118512 O.S.2021 § 2004Patel, 1999 OK 33987 P.2d 1185Patel directs the court to engage in a "prudential" analysis balancing the principle of finality of judgments with Rutherford's reasonable opportunity to litigate his defense to this deed cancellation action. Id. ¶ 38, 987 P.2d at 1200. The Final Order that is the subject of this appeal is vacated, and this case is remanded with the above instructions.

¶32 VACATED AND REMANDED WITH INSTRUCTIONS.

WISEMAN, P.J., concurs, and BLACKWELL, J., concurs in part and dissents in part.

BLACKWELL, J., concurring in part and dissenting in part:

¶1 I concur in the Court's judgment and all of the Court's opinion except Part IV. It appears Part IV is grounded in subsection two of 12 O.S. § 103112 O.S. § 1031see, e.g., 12 O.S. § 2004

FOOTNOTES

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105